Matthias, J.
 

 The'relator was elected prosecuting attorney of Adams county and entered upon the performance of his duties, pursuant to the provisions of Section 2909, General Code, which provides as follows:
 

 “There shaíl be elected-quadrennially in each county; a prosecuting attorney, who shall hold his office for four years, beginning on the first Monday of January next after his election.”
 

 
 *177
 
 The population of Adams county, as shown by the federal census next preceding the election of the relator, was 21,705.
 

 The provision governing the salary of prosecuting attorneys is contained in Section 3003, General Code, and is as follows:
 

 “Each prosecuting attorney shall receive an annual salary of sixty dollars for each full one thousand of the first fifteen thousand of the population of the county as shown by the federal census next preceding his election;
 

 “fifty dollars for each full one thousand of the second fifteen thousand of such population of the county;
 

 “* * * Such salary shall be paid in equal monthly installments, from the general fund, and shall be in full payment for all services required by law to be rendered in an official capacity on behalf of the county or its officers, whether in criminal or civil matters.”
 

 In the event of a vacancy in the office of prosecuting attorney, it is to be filled in the manner provided by Section 2912, General Code, which is as follows:
 

 “If a vacancy occurs in the office of prosecuting attorney, the Court of Common Pleas shall appoint a prosecuting attorney. In case of sickness or other disability of the prosecuting attorney, preventing him from discharging his duties, the court shall appoint an assistant prosecuting attorney to perform the duties of the office until the disability is removed or a prosecuting attorney is elected or appointed and qualified * * * and the assistant prosecuting attorney shall receive such compensation as the court fixes and the county commissioners allow.” .
 

 There has been and is now no vacancy in the office of prosecuting attorney of Adams county.
 

 Provision is made by Section 2913, General Code, for the removal of a prosecuting attorney from office for wanton and wilful neglect of duty or gross miscon
 
 *178
 
 duct in office, but for obvious reasons that provision has no place in the consideration of the question now presented.
 

 The conditions under which a county office may be deemed or declared vacant by reason of absence of the incumbent from the county are set forth in Sections 2397-1 and 2397-2, General Code (119 Ohio Laws, 81), effective July 21, 1941. These provisions are as follows :
 

 Section 2397-1. “Whenever any county officer shall be absent from the county for ninety consecutive days, except in case of sickness or injury as hereinafter provided, his office shall be deemed vacant and the county commissioners shall declare a vacancy to exist in such office.
 

 “Such vacancy shall be filled in the manner provided by law.”
 

 Section 2397-2. “Whenever any county officer is absent from the county because of sickness or injury, he shall cause to be filed with the county commissioners a physician’s certificate of his sickness or injury; and if such certificate is not filed with the commissioners within ten days after the expiration of the ninety consecutive days of absence from the county, his office shall be deemed vacant and the county commissioners shall declare a vacancy to exist in such office.
 

 “Nothing contained in this act shall apply to a county officer while in the active military service of the United States.”
 

 It is to be observed that any county officer is specifically exempt from the provisions authorizing a declaration of vacancy in his office if his absence is by reason of the fact that he is
 
 “m the active military service of the United States.”
 
 (Italics ours.)
 

 It is the contention of the respondents that, by reason of the absence of. the relator from the county, he has performed no service in his official capacity and there
 
 *179
 
 fore is entitled to no compensation during such period, and that the General Assembly, in enacting Section 2397-2, General Code, though thereby permitting such officer to retain his office while in the -service of the United States, did not intend that he should receive any salary or compensation during such period.
 

 The general principle applicable is stated in 46 Corpus Juris, 1014, Section 233, as follows:
 

 “The person rightfully holding an office is entitled to the compensation attached thereto; this right does not rest upon contract, and the principles of law.governing contractual relations and obligations in ordinary cases are not applicable. * * * The right to the compensation attached to a public office is an incident to the title to the office and not to the exercise of the functions of the office; hence, the fact that officers have not performed the duties of the office does not deprive them of the right to compensation, provided their conduct does not amount to an abandonment of the office.”
 

 The text in 43 American Jurisprudence, 161, Section 379, recites that the incumbent of an office does not “lose his title to the office or his right to the emoluments or salary connected with it because he may be absent or away from the office for a short, occasional, or even a protracted, period of time and does not during such period of time personally give his time and attention to the duties of the office. This is true whether he is absent from office through illness or upon purely personal business, and even though during his absence the duties of the office devolve upon another officer who by law is entitled to compensation for performing them.” • • •
 

 The General Assembly is authorized, by the provisions of Section 20, Article II of the state Constitution, to fix the compensation of various officers. However, it is therein further provided that “no change
 
 *180
 
 therein shall affect the salary of any officer during his existing term, unless the office be abolished.”
 

 This case presents a situation where the office has not been abolished by law or abandoned by the officer. It is conceded there is no vacancy and no ground for declaring a vacancy. And yet it is urged that the respondent county officers, without legislative authority, may not merely reduce the compensation of the incumbent prosecuting attorney, but may abolish his salary during the period in question.
 

 However, in the disposition of the issue presented in this case, we need go no further than to apply elementary principles of construction to the statutory provisions heretofore set forth. We may assume that the General Assembly, being authorized to fix the compensation of the prosecuting attorney, also had power to condition the retention of his office beyond a designated period of absence upon a reduction or surrender of compensation. But by virtue of the provisions heretofore recited, thé relator is unconditionally continued in his office as prosecuting attorney, with no condition attached and no provision as to any change in his salary or compensation; and no power conferred upon any board or officer to withhold or reduce the prescribed compensation during the period of absence.
 

 The lawmaking body provided in language clear and concise that any county officer,
 
 while in active military .service,
 
 may retain his office notwithstanding his absence from the county. Having provided that the incumbent shall retain his office; in the absence of legislative expression to the contrary, presumption of the continuance of the fixed compensation follows.
 

 The power of the General Assembly to enact such provision is not challenged, and it is not the function or province of the courts to question the wisdom or propriety of legislative action or by judicial construe
 
 *181
 
 tion to repeal, amend or supplement legislation duly enacted.
 

 It follows that a writ of mandamus should be and is allowed:
 

 Writ allowed.
 

 Hart, Zimmerman, Bell and Williams, JJ., concur.