THE STATE, EX REL. MILLER, *v.* PRICE, CITY AUDITOR, ET AL.

[Cite as State, ex rel. Miller, v. Price, 3 Ohio St. 2d 177.]

(No. 38619—Decided July 28, 1965.)

*Messrs. Goodman & Goodman* and *Mr. Vernon Stiver*, for relator.

*Mr. John C. Young*, city attorney, *Mr. Alba L. Whiteside* and *Mr. Thomas A. Bustin*, for respondents.

*Per Curiam.* On their demurrer to the amended petition, respondents contend that relator cannot bring this action because he is a nonresident and therefore not beneficially interested in the relief sought.

Section 733.58, Revised Code, reads:

"In case an officer * * * of a municipal corporation fails to perform any duty expressly enjoined by * * * ordinance, the solicitor shall apply to a court of competent jurisdiction for a writ of mandamus to compel the performance of such duty."

Section 733.59, Revised Code, reads so far as pertinent:

"If the city solicitor fails, upon the request of any taxpayer of such municipal corporation, to make any application provided for in Section * * * 733.58 * * * Revised Code, such taxpayer may institute suit in his own name, on behalf of the municipal corporation."

Section 733.59, Revised Code, uses the words, "Any taxpayer of such municipal corporation." Respondents' answer admits that relator is a taxpayer of Columbus. There is no residence requirement in the statute. If relator has a sufficient beneficial interest in the Columbus city government to justify imposition of its income tax on him, as we indicated by our holding in *Angell* v. *City of Toledo* (1950), 153 Ohio St. 179, 91 N. E. 2d 250, it necessarily follows that he has an interest in having the tax collected from others who should pay it, and is therefore beneficially interested in the relief sought by this action.

Some members of this court have raised the question whether the Columbus income tax ordinance imposes upon respondents any duty that can properly be enforced by a writ of mandamus. However, in their answer "respondents admit that * * * [the respondent] auditor of the city * * * is charged with the administration and enforcement of" that ordinance. The specific terms of the ordinance require that admission. Thus, Section 361.27 states that "the city auditor is hereby charged with the administration and enforcement of" this income tax ordinance.

There are several provisions of the ordinance specifying what the auditor "may" do or shall be "authorized" to do with respect to a taxpayer who has not complied with the ordinance. However, the specification of what the auditor may do in per-

forming his specific overall duty to enforce the ordinance is intended to aid the auditor in performing his duty to enforce that ordinance—not to diminish or provide him with the means of escaping that duty.

This court has previously issued writs of mandamus directing a public official to perform a duty imposed upon him, even though he may have had wide discretion as to the manner of performing that duty. See, for recent examples, *State, ex rel. Scott,* v. *Masterson* (1962), 173 Ohio St. 402, 183 N. E. 2d 376, and *State, ex rel. Park Investment Co.,* v. *Board of Tax Appeals* (1964), 175 Ohio St. 410, 195 N. E. 2d 908.

In their answer, respondents set up two separate defenses. In the first, it is alleged "that there is a defect of parties respondent in that the legislators enumerated in relator's amended petition whose tax liability is ultimately being determined in this action have not been joined as parties respondent."

It is not necessary to hold, as we could, that respondents waived their right to raise this objection by not specifying it as a ground of demurrer to the amended petition. See Sections 2309.10, 2309.09 and 2309.08 (F), Revised Code.

This defense is apparently based upon the conclusion that the "tax liability" of each legislator named in the amended petition will "ultimately * * * be determined in this action" if the writ is allowed. It will not. The only effect of this action will be to require the city auditor to perform his duty of enforcing the income tax ordinance against those named legislators who have admittedly not complied with the valid requirements of the ordinance. As stated by Hart, J., in *State, ex rel. Donsante,* v. *Pethtel, Aud.* (1952), 158 Ohio St. 35, 41, 106 N. E. 2d 626:

"This is an action only to compel public officials to perform their official duties, and it is not necessary to make third persons parties defendant, although they may be affected by the order. * * *

"* * * the judgment in this case shall not affect the right of any taxpayer or interested party to resist the collection of the tax * * * and to establish his * * * defenses against such collection, if any * * *." See, also, *Kluth* v. *Andrus, Dir. of Public Safety* (1952), 157 Ohio St. 279, 105 N. E. 2d 579.

The second defense is set up by the following averments:

180

" " * * * the city auditor, exercising the discretion granted to him by virtue of the provisions of Section 361.30 * * * which provide as follows:
" " * * *

" " " * * * All taxes imposed by Chapter 361 * * * shall be collectible, together with any interest and penalties thereon, by suit, as other debts of like amount are recoverable.

" 'The city auditor is authorized, in addition to his other duties, to institute civil law suits to collect delinquent taxes due and owing the city by virtue of the provisions of Chapter 361 * * *. The city auditor is authorized to waive penalties and interest and compromise tax liability and the right to accept waiver of state statutes of limitations,' having contacted the legislators on several occasions the latest being during the year 1963, has made a determination after investigating the amount of salary earned by each legislator in the city of Columbus, Ohio, and after applying the allowable per diem expenses that each legislator traveling to Columbus would be entitled to claim on his tax return, as against that portion of his salary that might be taxable to the city of Columbus that there is no requisite tax liability on the part of such legislators, such as would necessitate respondents taking any action to collect the tax."

This court will take judicial notice of the facts that each member of the 105th General Assembly received as "compensation" (Section 31, Article II of the Ohio Constitution) "a salary of $5,000 a year" (Section 101.27, Revised Code, as enacted in 129 Ohio Laws 570) and that the 105th General Assembly was in session in Columbus for 105 days during 1963. It is apparent, therefore, that a substantial part of the $5,000 received by each legislator not a resident of Columbus in 1963 would be described by the words of Section 361.19 (1) (b) of the Columbus Income Tax Ordinance as "All salaries, * * * or other compensation earned * * * after * * * 1962 by nonresidents of the city for work done or services performed or rendered in the city." A tax of one per cent per annum is levied by that section on "all" such "salaries" and "compensation."

We find nothing in the Columbus Income Tax Ordinance which authorizes the deduction of any amount for "per diem," traveling or other expenses from such salary or compensation

in determining the amount thereof subject to tax. Such deductions are provided for only with respect to the taxation of "the net profits from the operation of a business, profession, or other enterprise or activity." See Sections 361.09, 361.16, 361.19, 361.22 (a) (b) of the ordinance.

Hence, even if the auditor may have some discretion to determine that the expenses of collecting from an individual will be such as not to justify efforts to do so (a matter which we do not decide in this case), the allegations of the second defense obviously do not allege that this is the situation with respect to the nonresident legislators named in the petition.

By its reply, relator "denies that" the Columbus ordinance "reposes any discretion to waive * * * the payment of the tax imposed by said ordinance *in the manner alleged* by respondents to have been done by them." (Emphasis added.) For the reasons hereinbefore stated, we agree.

The demurrer to that second defense of the answer was overruled because we believed, as its allegations indicated, that the Columbus city ordinance authorized deductions for per diem and traveling expenses incurred by legislators in earning their salary and compensation. Now that the whole ordinance has been presented to us for consideration in ruling on respondents' motion for judgment on the pleadings, it is apparent that the ordinance authorizes no such deductions.

Respondents do not contend that a tax cannot be levied upon the salary and compensation of a nonresident legislator earned in Columbus. Their failure to so contend is probably due to our decision in *McConnell* v. *City of Columbus* (1961), 172 Ohio St. 95, 173 N. E. 2d 760.

It may be that there are reasons, which have not previously been raised or passed upon by this court, for not levying the Columbus income tax on such salary and compensation. See *State, ex rel. Gordon, City Atty.,* v. *Rhodes, Mayor* (1952), 158 Ohio St. 129, 107 N. E. 2d 206.

However, none have been presented as a reason for denying the writ sought in the instant case.

The motion of respondents for judgment on the pleadings is overruled, and a writ of mandamus directing the city auditor to exercise the power and authority conferred upon him to en-

force the income tax ordinance against nonresident members of the 105th General Assembly is allowed.

*Writ allowed.*

Taft, C. J., Zimmerman, Matthias, O'Neill and Herbert, JJ., concur.

Schneider and Brown, JJ., dissent.

Schneider, J., dissenting. The distinction between "public employment" and "public office" is historic and abiding. The latter "is a charge or trust conferred by public authority for a public purpose, with independent and continuing duties, involving in their performance the exercise of some portion of the sovereign power." (Judge Zimmerman in *State, ex rel. Herbert, v. Ferguson, Aud.,* 142 Ohio St. 496, at page 501.) See authorities cited therein and *State, ex rel. Milburn,* v. *Pethtel, Aud.,* 153 Ohio St. 1; *State, ex rel. Atty. Genl.,* v. *Hunt,* 84 Ohio St. 149; *Palmer* v. *Ziegler,* 76 Ohio St. 210; *State, ex rel. Atty. Gen.,* v. *Jennings,* 57 Ohio St. 415; *State, ex rel. Atty. Gen.,* v. *Kennon,* 7 Ohio St. 546; compare, *State, ex rel. Hile,* v. *Zangerle, Aud.,* 115 Ohio St. 33; *State, ex rel. Landis,* v. *Board of Comm.,* 95 Ohio St. 157; Annotation, 140 A. L. R. 1076.

That a member of the General Assembly is a public officer, not a public employee, ought to be self-evident. See *State, ex rel. Grant,* v. *Eaton,* 114 Mont. 199, 133 (P. 2d) 588; *In re Speakership,* 15 Colorado 520, 25 P. 707; *Clark* v. *Stanley,* 66 N. C. 59; *Morrill* v. *Haines,* 2 N. H. 246. For Ohio cases recognizing this distinction in respect to other officers, see 44 *Ohio Jurisprudence* 2d 511, Public Officers, Section 22. The list appears endless.

The salary of a public officer, as distinguished from a public employee, is an incident of the office itself, not to its exercise or to the individual discharging the duties of the office. It is payable regardless of sickness or health, duty or neglect, presence or absence. *State, ex rel. Clinger, Pros. Atty.,* v. *White,* 143 Ohio St. 175. The rightful incumbent may even recover the salary received by the de facto officer during the latter's possession thereof. See *State, ex rel. Cox,* v. *Hooper, Aud.,* 137 Ohio St. 222; *Cleveland* v. *Luttner,* 92 Ohio St. 493.

The conclusion is inevitable that the salary of an assembly-man not a resident of Columbus is not "earned * * * *for* work done or services performed or rendered in the city [of Columbus]." (Italics supplied.) Section 361.19 (b) of the Columbus City Codes, 1959 [Ordinance No. 1516-61]. As has been shown, the salaries in question are not paid as *earnings for work done or rendered* but as an incident of office. It is, therefore, unnecessary to be concerned with an allocation of the salaries for time spent in Columbus.

It is likewise unnecessary to consider the complex question of the authority of this court to control the discretion of an administrative officer. The relator has failed to show a clear duty specifically enjoined by law upon the respondent so as to entitle the former to the prerogative writ of mandamus originating from this court.

BROWN, J., concurs in the foregoing dissenting opinion.