THE STATE, EX REL. MIKUS, PROS. ATTY., APPELLEE, *v.*
ROBERTS, LORAIN COUNTY ENGINEER; BAZLEY, APPELLANT.

[Cite as State, ex rel. Mikus, v. Roberts, 15 Ohio
St. 2d 253.]

(No. 41433—Decided July 24, 1968.)

*Mr. Paul J. Mikus*, prosecuting attorney, and *Mr. Richard T. Laux,* for appellees.

*Messrs. West, West & West* and *Mr. Robert J. Corts,* for appellant.

TAFT, C. J.   The Prosecuting Attorney and Roberts contend that the taxpayer defendant can not appeal. In making this contention, it is argued that, because of the provisions of Section 309.13, Revised Code, a taxpayer can only bring an action such as this if the Prosecuting Attorney refuses to do so (but Cf. *State, ex rel. Nimon,* v.

*Springdale,* 6 Ohio St. 2d 1), and that therefore the taxpayer defendant was not a proper party to the action and can not appeal from the judgment.

However, Section 2307.19, Revised Code, reads in part:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff * * *."

A comparison of the prayer of the petition with the prayer of the taxpayer defendant's answer discloses that the taxpayer defendant "claims an interest in the controversy adverse to the plaintiff." The "controversy" in the instant case is whether Roberts can be paid for serving as sanitary engineer anything in addition to his fixed salary as county engineer. The Prosecuting Attorney prays that the court determine whether he may be so paid. The Taxpayer defendant prays for an order that will prevent his being so paid.

Since the Prosecuting Attorney has not retracted his written advice to the commissioners approving payment of compensation to Roberts for his services as sanitary engineer in addition to his fixed salary as county engineer, and since the Prosecuting Attorney is representing Roberts before this court, it is apparent that the taxpayer defendant "claims an interest in the controversy adverse to" the Prosecuting Attorney.

In our opinion, where a prosecuting attorney has given written advice to the county commissioners that certain expenditures are proper and where that prosecuting attorney is later requested by a taxpayer to, and does, institute a civil action pursuant to Section 309.12, Revised Code, to determine the legality of such expenditures, but such prosecuting attorney does not retract his previous advice that such expenditures are proper, such taxpayer is a proper party defendant in such action.

In our opinion, a county engineer is an "officer" within the meaning of Section 20 of Article II of the Ohio Constitution which reads, so far as pertinent:

"The General Assembly in cases not provided for in this Constitution, shall fix * * * the compensation of all officers; but no change therein shall affect the salary of any officer during his existing term * * *."

This has been held to prevent any increase in the compensation paid to such an officer during his term of office. *State, ex rel.,* v. *Raine* (1892), 49 Ohio St. 580, 31 N. E. 741 (county commissioners); *Teale* v. *Stillinger* (1916), 95 Ohio St. 129, 115 N. E. 1010 (county treasurer); *Donahey* v. *State, ex rel. Marshall* (1920), 101 Ohio St. 473, 129 N. E. 591 (Public Utilities Commissioner); *Jones* v. *Commrs. of Lucas County* (1897), 57 Ohio St. 189, 48 N. E. 882 (county auditor).

A necessary effect of having the county pay Roberts $4,800 per year compensation as sanitary engineer is that he receives from the county $4,800 more than the salary fixed for him as a county officer. Performance of his additional duties as sanitary engineer will certainly have a tendency to require employment by the county of others to assist in the performance of duties of the county engineer which he, as county engineer, would otherwise have been able to perform himself.

Approval of such additional employment of a county officer by the county, with additional compensation therefor, would enable the county and the officer to do indirectly what they are prohibited from doing by the foregoing constitutional provision. See *Teale* v. *Stillinger, supra* (95 Ohio St. 129), and *State, ex rel.,* v. *Raine, supra* (49 Ohio St. 580).

Section 315.14, Revised Code, specifically provides that the county engineer "shall perform such other duties as the board [of county commissioners] requires." The effect of that statute and Section 6117.01, Revised Code (authorizing commissioners to employ a sanitary engineer), is to provide the county commissioners with an option either to assign the duties of the sanitary engineer to the county engineer or to employ another person, who is a competent sanitary engineer, to perform those duties.

Thus, one of the burdens of the office of county engineer is that the commissioners may impose upon him the performance of those of their duties, for the performance of which they are authorized by Section 6117.01, Revised Code, to employ a competent sanitary engineer.

As stated in the opinion "by the Court" in *Donahey* v. *State, ex rel. Marshall, supra* (101 Ohio St. 473), 476 *et seq.*:

" * * * It is a familiar rule that when a public officer takes office he undertakes to perform all of its duties, although some of them may be called into activity for the first time by legislation passed after he enters upon his term. As said by Bradbury, J., in *Strawn* v. *Commissioners of Columbiana County,* 47 Ohio St. 404, at page 408: 'The fact that a duty is imposed upon a public officer will not be enough to charge the public with an obligation to pay for its performance, for the Legislature may deem the duties imposed to be fully compensated by the privileges and other emoluments belonging to the office' * * *

"* * * 'A public officer takes his office *cum onere,* and so long as he retains it he undertakes to perform its duties for the compensation fixed, whether such duties be increased or diminished.' * * * "

To the same effect, see paragraph two of the syllabus of *Jones* v. *Commrs. of Lucas County, supra* (57 Ohio St. 189).

Our conclusion is that, in the absence of express statutory provision therefor, no compensation, in addition to his fixed statutory salary, may be paid to the county engineer where the county commissioners require him to serve as county sanitary engineer.

Since a contrary conclusion was the basis for the judgment of the Court of Appeals, the judgment of that court must be reversed. In view of its conclusion, the Court of Appeals never reached the question as to whether or how much restitution should be required of Roberts. Hence, we express no opinion on that question.

The judgment of the Court of Appeals is reversed and

the cause is remanded to that court for further proceed-. ings.

*Judgment reversed.*

ZIMMERMAN, MATTHIAS, O'NEILL and HERBERT, JJ., concur.

SCHNEIDER and BROWN, JJ., concur in paragraphs one, two, three and five of the syllabus, but dissent from paragraphs four and six of the syllabus and from the judgment.

SCHNEIDER, J. I concur in paragraphs one, two, three and five of the syllabus, but dissent from paragraphs four and six of the syllabus and from the judgment.

One error contained in paragraphs four and six of the syllabus is the proposition that a board of county commissioners may compel the county engineer to perform the duties of sanitary engineer against his will. This proposition is unwarranted by any reasonable reading of the language and history of Sections 6117.01 and 315.14, Revised Code.

Another error is the failure to recognize that Section 6117.01, Revised Code, contains an express provision for compensating a county engineer for acting as sanitary engineer, in addition to the statutory compensation attaching to the office of county engineer.

This conclusion is supported by a recognition of the history of the second from last sentence of Section 325.14, Revised Code, viz., ''When such engineer [the county engineer] performs service in connection with ditches or drainage works, he shall charge and collect the per diem allowances or other fees provided by law and shall pay all such allowances and fees, monthly, into the county treasury to the credit of the general county fund.'' The antecedent of that section was first adopted in 107 Ohio Laws 69, 110, and read as follows: ''When the county surveyor performs service in connection with ditches or drainage works *under the provisions of Sections 6442 to 6822 inclusive of*

*the General Code of Ohio,* he shall charge and collect the per diem allowances or other fees therein provided for, and shall pay all such allowances and fees monthly into the county treasury to the credit of the general county fund." (Emphasis supplied.)

It is significant that at the time of that enactment, Section 6602-1, General Code [the antecedent of Section 6117.01, Revised Code], authorizing the employment of a sanitary engineer, had been in existence for four years. (103 Ohio Laws 734.) Nevertheless, in 107 Ohio Laws 69, 110, the General Assembly was careful to limit the requirement that a county engineer pay monies over to the county general fund to those fees and allowances collected by him for services performed "in connection with ditches or drainage works." An examination of the sections of the General Code, in effect immediately prior to the adoption of the Act in 107 Ohio Laws 69, and designated by numbers included within the range from 6442 to 6822 reveals that all of them related to ditches and drainage works, except Section 6602-1 *et seq.,* General Code, relating to county sewers.

Therefore, I would affirm the judgment below.

BROWN, J., concurs in the foregoing dissenting opinion.