CARROLL ET AL., APPELLEES, *v.* WASHINGTON TOWNSHIP ZONING COMMISSION ET AL., APPELLANTS.

(No. 78-360—Decided December 6, 1978.)

*Mr. Gordon J. Beggs* and *Mr. Robert J. Willey,* for appellees.

*Mr. Harry M. Welsh,* for appellants.

*Per Curiam.* The cardinal issue presented is whether R. C. 2721.12 requires, in an action for declaratory relief involving the constitutionality of a township zoning resolution, the service of a copy of the complaint upon the attorney general.

R. C. 2721.12, as pertinent herein, provides:

"* * * In any proceeding which involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and shall be heard."

Central to this issue is the absence within R. C. 2721.-12 of the words "township" and "resolution." Appellants, relying upon this exclusion, assert that R. C. 2721.-12, by its very language, is not applicable to this cause, which concerned the constitutionality of a township zoning resolution. Hence, the appellants claim that the failure to serve the attorney general can not constitute a jurisdictional defect where there is no requirement of service. Conversely, the appellees assert that Washington Township is a "municipal corporation," and its zoning resolution is an "ordinance," as these words are used in R. C. 2721.12. Accordingly, appellees concluded that service on the attorney general was mandatory in a declaratory judgment action involving the constitutionality of this township zoning resolution.

Neither R. C. 2721.12 nor the remainder of R. C. Chapter 2721 contains definitions of "municipal corporation" and "ordinance." The General Assembly, however, has provided, in R. C. 1.42, as relevant herein, the following guide to meaning:

"* * * Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

The words "municipal corporation" and "township" in their legal usage consistently have been recognized as possessing distinctly different meanings. This distinction

is evident in the Ohio Constitution. Article X of the Ohio Constitution provides for the organization of townships, while municipal corporations are addressed in Article XVIII of the Ohio Constitution. This distinction continues within the Revised Code. Title 7 of the Revised Code relates to municipal corporations, and the provisions applicable to townships are contained in Title 5 of the Revised Code. Indeed, Section 1 of Article XVIII of the Ohio Constitution and R. C. 703.01 both provide that municipal corporations consist of cities and villages. Clearly, in Ohio, a township can not be a municipal corporation. Additionally, a perusal of the case law reveals that townships are not municipal corporations. See *State* v. *Powers* (1882), 38 Ohio St. 54, 61-62, overruled on other grounds, *State, ex rel. Attorney-General,* v. *Shearer* (1889), 46 Ohio St. 275; *Atlas National Bank* v. *Columbia Twp.* (1903), 13 O. D. 472; and *Langdon* v. *Columbia Twp.* (1885), 9 Dec. Rep. 536, 539.

Appellees' interpretation of the use of "municipal corporation" in R. C. 2721.12 to encompass townships is clearly a deviation from the accepted legal usage. The mere fact that R. C. 2721.12 was enacted from the Uniform Declaratory Judgments Act without modification does not lend credence to appellees' assertion. In view of the existing dichotomy within the Revised Code, had the General Assembly intended that declaratory judgments concerning the constitutionality of township resolutions be subject to R. C. 2721.12, the logical course would have been to modify this section to so state. The General Assembly's adoption of the Uniform Declaratory Judgments Act occurred with some language change, but not with respect to R. C. 2721.12.

Nor, as claimed, is appellees' assertion supported by the use of the term "municipal ordinance" in R. C. 2721.-03. R. C. 2721.03 reads, in pertinent part:

"Any person * * * whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, muni-

cipal ordinance, contract, or franchise, may have determined any question of construction or validity * * * and obtain a declaration of rights, status, or other legal relations thereunder.''

Characterizing R. C. 2721.03 as the jurisdictional section of the Uniform Declaratory Judgments Act, appellees assert that interpreting ''municipal corporation'' to exclude townships in R. C. 2721.12 would necessitate defining ''municipal ordinances'' in R. C. 2721.03 to exclude township resolutions. The inconceivable result would be to deny persons whose interests are affected by township resolutions from obtaining a declaratory judgment. However, this inconceivable result is prevented by R. C. 2721.-06. As provided in R. C. 2721.06, the enumeration in R. C. 2721.03 does not limit or restrict the exercise of the general powers conferred in R. C. 2721.02 in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove the uncertainty. *Coshocton Real Estate Co.* v. *Smith* (1946), 147 Ohio St. 45.

We are thus constrained to find that R. C. 2721.12 does not apply to a declaratory judgment involving the constitutionality of this township zoning resolution. The trial court's jurisdiction in this action was not dependent upon service on the attorney general.

Accordingly, the judgment of the Court of Appeals is reversed and the cause is remanded to that court.

*Judgment reversed and cause remanded.*

LEACH, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.