DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, John Dellagnese, appeals from the judgment of the Summit County Court of Common Pleas which granted declaratory judgment in favor of Appellees, Bath-Akron-Fairlawn Joint Economic Development District, et al. This Court affirms.
 I. {¶ 2} In 1993, the Ohio General Assembly authorized the creation of Joint Economic Development Districts ("JEDD") to facilitate "economic development to create or preserve jobs and employment opportunities and to improve the economic welfare of the people in the state and in the area of the contracting parties." R.C. 715.70(B)(1). Under this statute, one or more townships are permitted to contract with one or more municipalities to create a JEDD. R.C. 715.70. When a JEDD agreement is entered into, a board of directors is appointed to govern the district. R.C. 715.70(E). The parties to a JEDD are permitted to authorize their board of directors to adopt a resolution levying an income tax to be used "for the purposes of the district and for the purposes of the contracting municipal corporations and townships[.]" R.C. 715.70(F) and715.71(G).
 {¶ 3} On July 21, 1998, the cities of Akron and Fairlawn and the township of Bath entered into a JEDD (hereinafter "BAF JEDD") pursuant to R.C. 715.70 et seq. The purposes of the BAF JEDD include "assuring] the continued economic viability of Bath Township" and "improving] the economic welfare of the people in the region."
 {¶ 4} Appellant is a resident of Bath Township. He owns and leases commercial real estate in Bath and pays Bath real estate taxes. Appellant additionally pays BAF JEDD taxes. On February 3, 2005, Appellant filed suit against the BAF JEDD, the City of Akron, the City of Akron Director of Finance, the City of Fairlawn and Bath Township, both in his individual capacity and as a taxpayer for, and on behalf of all owners of commercial real estate within Bath. In his complaint, Appellant alleged that Akron was using BAF JEDD funds to provide commercial incentives for real estate developers to entice them to move to Akron. Appellant alleged that this action has furthered Akron's interests but hindered the economic development of Bath and the BAF JEDD district in contravention of the purpose of the BAF JEDD contract. Appellant further alleged that he has been personally injured by Akron's conduct because the value of his real estate has declined, he has had more difficulty obtaining tenants, and he has been forced to decrease the average square foot rental amount he can charge.
 {¶ 5} Appellant's complaint included seven claims for relief including declaratory judgment requesting: (1) a statement of his rights, (2) that Appellees be required to set forth their interests which would be affected by the requested declaration, (3) that Appellees be prohibited from using BAF JEDD revenues to assist developers and/or businesses and/or using the revenues in a manner which is detrimental to the BAF JEDD district and (4) that the court enter judgment stating that Appellees have committed certain constitutional and/or statutory violations. Appellant has additionally asserted a request for accounting and a breach of contract action against Akron and Fairlawn under Section 9 of the BAF JEDD.
 {¶ 6} Appellant amended its complaint three times. On October 27, 2005, the BAF JEDD Appellees filed a joint motion to dismiss Appellant's third-amended complaint. On October 28, 2005, the City of Akron and the City of Akron Director of Finance filed a joint motion to dismiss Appellant's third-amended complaint. The City of Fairlawn also filed a motion to dismiss on October 28, 2005. Appellant filed a consolidated brief in opposition to the motions to dismiss on November 30, 2005. On March 31, 2006, the trial court entered an order dismissing Appellant's complaint for failure to state a claim upon which relief can be granted. Appellant timely appealed the trial court's order, raising five assignments of error. We have consolidated several of Appellant's assigned errors to facilitate our review. On May 17, 2006, Appellant voluntarily dismissed its action against Bath Township without prejudice.
 II. ASSIGNMENT OF ERROR II
 "THE COMPLAINT OF [APPELLANT] DOES NOT FALL WITHIN THE PURVIEW OF R.C. § 733.56 et seq."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED IN RULING THAT [APPELLANT] LACKED STANDING TO PURSUE THE COMPLAINT."
 {¶ 7} In his second assignment of error, Appellant contends that the trial court erred in finding that his complaint falls within the purview of R.C. 733.56 et seq. In his third assignment of error, Appellant asserts that the trial court erred in finding that he lacked standing to pursue the claim. We disagree.
 {¶ 8} This Court's standard of review for a Civ. R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is de novo Hunt v. Marksman Prod., Division of S/R Industries, Inc. (1995),101 Ohio App.3d 760, 762. Dismissal is appropriately granted once all the factual allegations of the complaint are presumed true and all reasonable inferences are made in favor of the nonmoving party, and it appears beyond doubt that the nonmoving party cannot prove any set of facts entitling him to the requested relief State ex rel. Hanson v.Guernsey Cty. Bd. of Commrs., 65 Ohio St.3d 545, 548. Appellant's taxpayer claims were dismissed for lack of standing because (1) Appellant is not a taxpayer of Akron or Fairlawn and thus is not a proper party to pursue the suit under R.C. 733.56 et seq. and (2) Appellant was neither a party nor a third-party beneficiary of the BAF JEDD. Accordingly, we first review Appellant's standing.
 {¶ 9} "The issue of standing is a threshold test that, once met, permits a court to determine the merits of the questions presented."Hicks v. Meadows, 9th Dist. No. 21245, 2003-Ohio-1473, at ¶ 7, citingTiemann v. Univ. of Cincinnati (1998), 127 Ohio App.3d 312, 325. When one's standing is questioned, his capacity to bring an action is being challenged. State ex rel. Jones v. Suster (1998), 84 Ohio St.3d 70, 77. "Standing" requires that: 1) a plaintiff suffer an actual injury, defined as an invasion of a legally protected interest that is concrete and particularized; 2) the alleged wrongful conduct be causally connected to the injury; and 3) it be likely that a favorable decision will redress the injury. Lujan v. Defenders of Wildlife (1992),504 U.S. 555, 560-561.
 {¶ 10} This matter involves Akron and Fairlawn's alleged misapplication of taxpayer funds. Appellant sought an injunction against the municipalities' alleged misapplication of funds obtained through the BAF JEDD. Accordingly, this case falls under R.C. 733.56 et seq., which permits a party to file suit against a municipality seeking "an order of injunction to restrain the misapplication of funds of the municipal corporation, the abuse of its corporate powers, or the execution or performance of any contract made in behalf of the municipal corporation in contravention of the laws or ordinances governing it[.]"
 {¶ 11} The first matter we must address is Appellant's contention that he is not required to comply with R.C. 733.56 et seq. because his claims do not fall within the purview of R.C. 733.56 et seq. In essence, Appellant asserts that the statutes that address municipal taxpayer actions (R.C. 733.56 et seq.) are inapplicable to him because he is not a taxpayer of a municipality. He invokes the rule of statutory construction that courts must give effect only to the words in the statute and may not delete or insert words not used. Appellant points out that R.C. 733.56 et seq. deal exclusively with suits brought by municipal taxpayers and contain no reference to suits involving townships or those brought by a taxpayer of a township against a municipality.
 {¶ 12} Appellant cites Carroll v. Washington Twp. Zoning Comm. (1978)56 Ohio St.2d 164, as a means of circumventing R.C. 733.56 et seq. The central dispute in Carroll involved whether R.C. 2721.12 applied in an action challenging the constitutionality of a township zoning resolution. The Supreme Court held that R.C. 2721.12 was inapplicable to the matter because the statute was specifically limited to actions "involving [the] validity of municipal ordinance[s]" and "municipal corporation[s]." Id. at 166. The Court relied on the fact that the statute did not include the word "township." He asserts that, underCarroll, the revised code provisions applicable to municipal taxpayers would not apply to him because he is not a municipal taxpayer. We do not interpret Carroll in this way. Instead, we find Carroll distinguishable from the case at bar. Carroll involved a township taxpayer's challenge to a township ordinance whereas this matter involves a township taxpayer's suit against municipalities. The trial court correctly stated that Appellant would only be relieved from compliance with R.C. 733.56
if he brought a taxpayer action against the township where he resides.
 {¶ 13} Appellant attempts to refute the trial court's finding that he lacks standing because he is not a taxpayer or resident of Akron or Fairlawn, by asserting that he falls under the taxpayer standing exception set forth in Nimon v. Springdale (1966), 6 Ohio St.2d 1. InNimon, the Ohio Supreme Court held that the term "taxpayer" is to be construed generally, not literally, and includes "freeholders and tenants, both resident and nonresident, citizens and electors. It also includes a nonresident and nonfreeholder municipal incometaxpayer." (Emphasis added) Id. at 6.
 {¶ 14} Appellant has failed to demonstrate that he falls under any of these categories. A freeholder owns land in the municipality.Cunningham v. Crabbe (1992), 73 Ohio App.3d 596, 598. A tenant has a leasehold possessory interest within a municipality. 65 Ohio Jurisprudence 3d (2006) Landlord and Tenant § 4. An elector is "necessarily [a] taxpayer." Nimon, 6 Ohio St.2d at 6. This Court has held that "[t]he term `citizen` as applied to municipalities, townships, and counties, is technically a misnomer. Citizenship applies ordinarily to one's relationship to a national government and a state of domicile within such government." Tallmadge Park Partners v. Transformer Serv.Inc. (Sept. 18, 1985), 9th Dist. No. 12013, at *2. We need not, therefore, consider whether Appellant is a citizen of Akron or Fairlawn.
 {¶ 15} Appellant concedes that he is neither a resident nor a nonresident freeholder or tenant of Akron or Fairlawn. He merely alleges that he is a resident and taxpayer of Bath Township and a BAF JEDD taxpayer. Even under the "general" definition of taxpayer set forth inNimon, this is not enough to establish a connection to Akron or Fairlawn that would provide Appellant with taxpayer standing.
 {¶ 16} In addition, Appellant argues that he has standing pursuant toSinay v. Sodders (1997), 80 Ohio St.3d 224, wherein the court held that electors and taxpayers have standing to bring taxpayer actions against a municipality to enforce public duties. The court determined that a neighboring township and its trustees had standing to pursue a mandamus action against a municipality to protect the benefits the township received through its contract with the municipality. In contrast to this matter, the parties' standing arose from their contract, not from their position as taxpayers. Here, Appellant is not a taxpayer of Akron or Fairlawn and has no contractual relationship with either municipality.
 {¶ 17} The Ohio Supreme Court has held that a common law taxpayer's action cannot be used to circumvent the requirements of R.C. 733.56 et seq. Westbrook v. Prudential Ins. Co. of America (1988),37 Ohio St.3d 166, 170. Consequently, R.C. 733.56 et seq. provides the only statutory vehicle through which a taxpayer can challenge a municipality's appropriation of taxpayer funds. Jenkins v. Eberhart (1991),71 Ohio App.3d 351, 358. Appellant concedes that he is not a resident or taxpayer of Akron or Fairlawn and has no recognizable property interests in either area. Appellant, consequently, is not a proper party to pursue his taxpayer actions against Appellees under R.C. 733.56 et seq.
 {¶ 18} We now consider whether Appellant had individual standing to pursue his remaining claims as a third-party beneficiary of the BAF JEDD. The Ohio Supreme Court has held that "[o]nly a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio." Thornton v. Windsor House, Inc. (1991),57 Ohio St.3d 158, 161. Appellant concedes that he was not a party to the BAF JEDD. Therefore, it must appear that the parties intended Appellant to receive a benefit under their agreement in order for Appellant to establish standing. Laverick v. Children's Hosp. Med. Ctr. of Akron
(1988), 43 Ohio App.3d 201, 204. A third party who simply receives a benefit from an agreement, without more, is not an intended third-party beneficiary of that contract. "A mere incidental or indirect benefit of a contract flowing to a non-party is not sufficient to give such party a cause of action in breach." Akron v. Castle Aviation, Inc. (June 9, 1993), 9th Dist. No. 16057, at *2, citing, Chitlik v. Allstate Ins.Co. (1973), 34 Ohio App.2d 193, 196; see Visintine Co. v. New York,Chicago St. Louis Rd. Co. (1959), 169 Ohio St. 505, 507.
 {¶ 19} We find the following language of the BAF JEDD contract, Section 12(F), dispositive of this argument:
 "This Contract shall inure to the benefit of and shall be binding upon the District, Bath Township, Akron, Fairlawn, and their respective permitted successors, subject, however, to the specific provisions hereof. This Contract shall not inure to the benefit of anyone other than as provided in the immediately preceding sentence." (Emphasis added).
This language specifically establishes that Appellant is not an intended third-party beneficiary of the contract. The contract specifically excludes anyone not listed in the first sentence of Section 12(F) from enforcing the agreement. Appellant is not included as one of the parties bound by the contract. This Court has held that, "as a general rule private citizens have no right to enforce government contracts on their own behalf unless a different intention is clearly manifested."Castle Aviation, supra, at *2. We find no evidence that the parties to the BAF JEDD clearly intended that Appellant or any other member of the public have authority to enforce the agreement. Appellant has failed to demonstrate that he has third-party beneficiary standing to enforce the BAF JEDD.
 {¶ 20} Appellant asserts that Section 12(G) of the BAF JEDD demonstrates that the parties to the BAF JEDD intended that third parties would have standing to bring suit related to the JEDD agreement. He argues that this provision would be "useless * * * if a third party cannot bring suit." Section 12(G) requires each party to the BAF JEDD to aid in the defense of the agreement in the event it is challenged by a third party. The trial court held, and we agree, that Appellant has no standing to challenge Akron and Fairlawn's allocation of taxpayer funds. However, neither this Court nor the trial court has held that noparty could assert standing to challenge the BAF JEDD.Appellant has simply failed to establish a sufficient connection with Akron or Fairlawn to achieve standing.
 {¶ 21} A review of the BAF JEDD reflects that Appellant is not without a means to voice his concerns. The BAF JEDD agreement provides for a governing district board of directors ("District Board") consisting of nine members, three each from Bath, Fairlawn and Akron. Pursuant to Section 11 of the BAF JEDD, the three representatives from Bath are the three Bath Township Trustees. Under the Agreement, the District Board is charged with several responsibilities, including the adoption of by-laws for the regulation of its affairs and the conduct of its business. The Agreement additionally affords the District Board the authority to establish an appropriations procedure to provide for payment of the operating expenses of the BAF JEDD and the distribution of income tax revenues. Township trustee meetings are open to the public. Consequently, Appellant has at least two avenues in which he can seek redress for his concerns regarding the BAF JEDD. Appellant can address these issues with the Bath Township Trustees at any of their township trustee meetings. Thereafter, if Appellant is dissatisfied with the representation he receives from the Bath Township Trustees, he can seek alternate representation in the next election.
 {¶ 22} Based on the foregoing, we find that the trial court did not err in dismissing Appellant's complaint for lack of standing. Accordingly, Appellant's second and third assignments of error are overruled.
 ASSIGNMENT OF ERROR I THE TRIAL COURT APPLIED AN INCORRECT STANDARD OF REVIEW REGARDING THE DISMISSAL OF THE DECLARATORY JUDGMENT CLAIMS.
 ASSIGNMENT OF ERROR IV "THE TRIAL COURT'S RULING ON THE STATUTE OF LIMITATIONS IS ERRONEOUS AS A MATTER OF LAW."
 ASSIGNMENT OF ERROR V "[APPELLANT'S] COMPLAINT SET FORTH VIABLE CLAIMS UPON WHICH AN ACCOUNTING CAN BE PREMISED."
 {¶ 23} Our disposition of Appellant's second and third assignments of error, renders Appellant's first, fourth and fifth assignments of error moot. Consequently, we need not address them.
 III. {¶ 24} Appellant's second and third assignments of error are overruled. Appellant's first, fourth and fifth assignments of error are moot. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
CARLA MOORE FOR THE COURT
SLABY, P. J. BOYLE, J. CONCUR