[Cite as *Field v. Summit Cty. Child Support Agency*, 2016-Ohio-7026.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

DALE P. FIELD, JR.

    Appellant

    v.

SUMMIT COUNTY CSEA, et al.

    Appellees

C.A. No.    27817

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2014 09 4355

DECISION AND JOURNAL ENTRY

Dated: September 28, 2016

WHITMORE, Judge.

{¶1} Plaintiff-Appellant, Dale Field, Jr., appeals from the judgment of the Summit County Court of Common Pleas, dismissing his complaint against Defendant-Appellees, the Summit County Child Support Enforcement Agency ("CSEA") and E*Trade Clearing LLC ("E*Trade"). This Court affirms.

I

{¶2} This suit commenced when Field filed a pro se complaint against CSEA and E*Trade in which he alleged five separate claims for relief. Four of the claims pertained to CSEA and alleged that: (1) CSEA fraudulently informed the federal government that Field owed child support arrears in excess of $5,000; (2) CSEA wrongfully collected more than $4,000 from him after placing a tax lien on his 2011 tax return; (3) CSEA ignored a court order granting him a credit toward his arrears that exceeded the wrongfully collected amount; and (4) CSEA placed an illegal hold on his E*Trade account despite the fact that it contained funds that were exempt

from garnishment or attachment. In his single claim against E*Trade, Field alleged that the company misappropriated his funds by freezing his account and selling its assets in spite of their exempt status.

{¶3} In response to Field's complaint, both CSEA and E*Trade filed motions to dismiss. CSEA argued that the trial court ought to dismiss Field's complaint because it did not set forth any claims upon which relief could be granted, Field had failed to name a necessary party, and CSEA was statutorily immune from suit. Meanwhile, E*Trade argued that the court ought to dismiss Field's complaint because it also was statutorily immune from suit. Field opposed both motions and also filed a motion to add Summit County Prosecutor Sherri Bevan Walsh as a party defendant. Subsequently, the trial court granted both motions to dismiss and denied Field's motion to add Walsh as a defendant.

{¶4} Field now appeals from the court's judgment and raises five assignments of error for our review. For ease of analysis, we consolidate several of the assignments of error.

II

{¶5} Initially, we note that Field acted pro se in the trial court and has appeared pro se before this Court on appeal. With respect to pro se litigants, this Court has held that:

> [p]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party.

(Second alteration sic.) *State v. Taylor*, 9th Dist. Lorain No. 14CA010549, 2014-Ohio-5738, ¶ 5, quoting *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2014-Ohio-5178, ¶ 3. With that in mind, we turn to Field's assignments of error.

Assignment of Error Number One

THE TRIAL COURT ERRD (sic) BY GRANTING STATUTORY IMMUNITY TO THE COUNTY AGENCY FOR CHILD SUPPORT ENFORCEMENT AGENCY[.]

**{¶6}** In his first assignment of error, Field argues that the trial court erred when it granted CSEA's motion to dismiss on the basis of sovereign immunity. We do not agree that the court erred when it granted CSEA's motion to dismiss.

**{¶7}** We review a trial court's granting of a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) de novo. *State ex rel. Dellagnese v. Bath-Akron-Fairlawn Joint Economic Dev. Dist.*, 9th Dist. Summit No. 23196, 2006-Ohio-6904, ¶ 8. Factual allegations contained in the complaint are presumed true and all reasonable inferences are drawn in favor of the nonmoving party. *Id.*, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). "To prevail on a Civ.R. 12(B)(6) motion to dismiss, it must appear on the face of the complaint that the plaintiff cannot prove any set of facts that would entitle him to recover." *Raub v. Garwood*, 9th Dist. Summit No. 22210, 2005-Ohio-1279, ¶ 4, citing *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242, 245 (1975). "The defense of immunity may be raised in a motion to dismiss pursuant to Civ.R. 12(B)(6)." *Thomas v. Bauschlinger*, 9th Dist. Summit No. 26485, 2013-Ohio-1164, ¶ 12.

**{¶8}** "In order to determine whether a political subdivision is immune from liability, we engage in a three-tiered analysis." *Moss v. Lorain Cty. Bd. of Mental Retardation*, 9th Dist. Lorain No. 13CA010335, 2014-Ohio-969, ¶ 10, citing *Cater v. Cleveland*, 83 Ohio St.3d 24, 28 (1998). The first tier sets forth the premise that,

> [e]xcept as provided in division (B) of [R.C. 2744.02], a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or an

employee of the political subdivision in connection with a governmental or proprietary function.

R.C. 2744.02(A)(1). "At the second tier, this comprehensive immunity can be abrogated pursuant to any of the five exceptions set forth at R.C. 2744.02(B)." *Shalkhauser v. Medina*, 9th Dist. Medina Nos. 3238-M & 3249-M, 2002-Ohio-222, ¶ 16. "Lastly, immunity may be restored, and the political subdivision will not be liable, if one of the defenses enumerated in R.C. 2744.03(A) applies." *Moss* at ¶ 10.

{¶9} It is undisputed that Field only brought suit against CSEA and E*Trade. CSEA, however, is not a political subdivision. *See* R.C. 2744.01(F). The agency is a "part of Summit County," and "only the county can be sued * * *." *Smith v. McCarty*, 9th Dist. Summit No. 15670, 1993 WL 6280, *1 (Jan. 13, 1993). In its motion to dismiss, CSEA specifically argued that Field had failed to state a claim upon which relief could be granted and had failed to name a necessary party because, as an agency of Summit County, "CSEA does not constitute a separate legal entity eligible for suit." In response, Field sought to add Sherri Bevan Walsh as a defendant. Field identified Walsh as the "Director of CSEA" and argued that her inclusion in the suit would "satisf[y] [CSEA's] request that a necessary party be named in this claim against CSEA." Field never sought to join Summit County or the State of Ohio[1] as a defendant.

{¶10} The trial court found that CSEA was an agency of Summit County and that it was not a separate legal entity eligible for suit. The court then went on to determine that, even if CSEA was a properly named party, it was statutorily immune from suit. On appeal, Field does not address the trial court's finding that CSEA cannot be sued as a separate legal entity. His

---

[1] In its motion to dismiss, CSEA also argued that the State of Ohio was a necessary party to the litigation. Because Field's complaint included allegations pertaining to a tax offset and the State of Ohio is responsible for tax offsets, CSEA argued, Field also was required to name the State of Ohio as a defendant.

brief contains a blanket statement that CSEA can be held liable for civil damages to an individual because it "is a political subdivision at the County Level * * *." As previously noted, however, CSEA is not a political subdivision. It is only a "part of Summit County" and cannot be separately sued. *Smith* at *1. Moreover, even if Field had named the appropriate party as a defendant here, he failed to show that the conduct upon which he based his claims satisfied any of the five sovereign immunity exceptions set forth in R.C. 2744.02(B).

{¶11} Once an entity demonstrates that it is entitled to the general presumption of immunity afforded by R.C. 2744.02(A)(1), the burden shifts to the claimant to establish that an exception to that immunity exists. *Szefcyk v. Kucirek*, 9th Dist. Lorain No. 15CA010742, 2016-Ohio-171, ¶ 13. In his brief in opposition to CSEA's motion to dismiss, Field did not cite to any specific subdivision of R.C. 2744.02(B). Instead, he argued that political subdivisions are liable when their employees commit negligent acts or "acts done in a wanton or reckless manner." A political subdivision is only liable for the negligent acts of its employees, however, "with respect to proprietary functions." R.C. 2744.02(B)(2). Field made no attempt to show that the collection of child support is a proprietary function. Nor did he tie his claim of wanton or reckless behavior to any statutory subsection. Although R.C. 2744.03(A)(6)(b) references reckless and wanton behavior, that exception applies to employees of political subdivisions, not the political subdivisions themselves. *See Lamtman v. Ward*, 9th Dist. Summit No. 26156, 2012-Ohio-4801, ¶ 30. Accordingly, even assuming that Field could properly bring a suit against CSEA, he failed to demonstrate that any exception to the general presumption of immunity applied here. *See Szefcyk* at ¶ 13.

{¶12} This Court has reviewed Field's complaint, as well as CSEA's motion to dismiss and Field's brief in opposition to the same. Even viewing all the factual allegations here as true

and drawing all reasonable inferences in Field's favor, we cannot conclude that the trial court erred by granting CSEA's motion to dismiss. *See State ex rel. Dellagnese*, 2006-Ohio-6904, at ¶ 8. Consequently, Field's first assignment of error is overruled.

<u>Assignment of Error Number Three</u>

THE TRIAL COURT ERRD (sic) BY DENYING THE MOTION ALLOWING PLAINTIFF TO AMEND HIS COMPLAINT, ADDING SHERRI BEVAN WALSH AS A DEFENDANT[.]

<u>Assignment of Error Number Four</u>

THE TRIAL COURT ERRD (sic) IN RULING THAT PROSECUTOR WALSH ENJOYS IMMUNITY[.]

**{¶13}** In his third assignment of error, Field argues that the trial court erred by denying his motion to add Sherri Bevan Walsh as a defendant. In his fourth assignment of error, he argues that the court erred when it concluded that, even if Walsh were made a defendant, she would be immune from suit. Because his assignments of error are interrelated, we address them together.

**{¶14}** Field's motion to add Walsh as a defendant was, in essence, a motion for leave to amend his complaint. Generally, a party may amend his or her complaint "once as a matter of course" so long as the amendment occurs "within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B) * * *, whichever is earlier." Civ.R. 15(A). Here, however, the trial court would not permit Field to amend his complaint because it found that the amendment would not change the disposition in this matter. The court found that, even if Walsh were added to the suit, she would be entitled to immunity, so Field would not benefit from her inclusion. Accordingly, we begin by reviewing the court's immunity determination.

{¶15} A complainant may sue an elected official in either his or her official capacity or in his or her individual capacity. *See Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483. When the complainant sues an elected official in his or her individual capacity, R.C. 2744.03(A)(6) applies and the official will be immune from suit unless the complainant can show that one of the exceptions set forth in that subdivision applies. *See id.* at ¶ 10, citing R.C. 2744.03(A)(6). Conversely, "[t]he political-subdivision-immunity analysis set forth in R.C. 2774.02 applies to lawsuits in which the named defendant holds an elected office within a political subdivision and that officeholder is sued in his or her official capacity." *Id.* at paragraph two of the syllabus. "[I]f the allegations are directed against the holder of an office in his official capacity, it is the equivalent of suing the political subdivision itself." *Thompson v. Buckeye Joint Vocational Sch. Dist.*, 5th Dist. Tuscarawas No. 2015 AP 08 0047, 2016-Ohio-2804, ¶ 39.

{¶16} Field sought to add Walsh as a defendant because he identified her as the "Director of CSEA." In his motion to add her as a named defendant, he argued that "the ultimate responsibility of any governmental agency resides with the director of that agency." Accordingly, Field did not allege any individual conduct on the part of Walsh; rather, he sought to include her strictly because of her employment status. On appeal, he maintains that Walsh is liable because she either negligently or recklessly failed to perform her duties as the "Director of CSEA." He argues that it was her duty to ensure that CSEA operated "within the [para]meters of the law."

{¶17} Because Field sought to bring suit against Walsh in her official capacity as the "Director of CSEA," Walsh would have been entitled to immunity under R.C. 2774.02, had she been added as a defendant. *See id.* In reviewing Field's first assignment of error, this Court set forth the three-tiered analysis that applies to an immunity determination under R.C. 2774.02. We

determined that CSEA was immune from suit because Field failed to demonstrate that any exception to the general presumption of immunity applied. *See Szefcyk*, 2016-Ohio-171, at ¶ 13. We reach the same conclusion with respect to Walsh.

{¶18} Field has not shown that the trial court erred when it concluded that Walsh and/or Summit County would be immune from suit, if added as a defendant. *See* R.C. 2744.03(A)(7). *See also Thompson*, 2016-Ohio-2804, at ¶ 39. As previously noted, a political subdivision is only liable for the negligent acts of its employees "with respect to proprietary functions." R.C. 2744.02(B)(2). *See also Lambert*, 125 Ohio St.3d 231, 2010-Ohio-1483, at ¶ 22. Even if Field could have added Walsh and/or Summit County as defendants, he made no attempt to show that the collection of child support is a proprietary function. Absent any allegation that Walsh and/or Summit County had negligently engaged in a proprietary function, Field could not hope to withstand a dismissal on the basis of sovereign immunity. *See* R.C. 2744.02(A)(1).

{¶19} On appeal, Field also argues that Walsh would have been liable if added as a defendant because she acted in a wanton and reckless manner. R.C. 2744.03(A)(6) provides that an employee of a political subdivision will be immune from suit unless the "employee's acts or omissions were manifestly outside the scope of [his or her] employment" or undertaken "with malicious purpose, in bad faith, or in a wanton or reckless manner * * *.'" That subdivision would only apply, however, if Field also sought to bring suit against Walsh in her individual capacity. *See Lambert*, *supra*. Moreover, even assuming that Field meant to bring suit against Walsh in both her elected and individual capacities, he failed to set forth any factual allegations that would even suggest that she acted in a wanton or reckless manner. Instead, Field indicated that he wished to bring suit against her strictly due to her purported role as the "Director of

CSEA." Walsh, therefore, would have been entitled to absolute immunity under R.C. 2744.03(A)(6) as well.

{¶20} Even assuming that the trial court erred by not allowing Field to amend his complaint as a matter of course, Field cannot demonstrate prejudice as a result of the trial court's error. *See Princess Kim, L.L.C. v. U.S. Bank, N.A.*, 9th Dist. Summit No. 27401, 2015-Ohio-4472, ¶ 18 ("To demonstrate reversible error, an aggrieved party must demonstrate both error and resulting prejudice."). We agree with the trial court's determination that, had Walsh been added as a defendant, she would have been immune from suit in either her elected or individual capacity. Consequently, Field would not have benefitted from her inclusion in the suit. For the reasons set forth above, Field's third and fourth assignments of error are overruled.

### Assignment of Error Number Two

> THE TRIAL COURT ERRD (sic) BY RULING THAT THE PLAINTIFF FAILED TO STATE A CLAIM AGAINST THE SECOND DEFENDANT, E*TRADE[.]

{¶21} In his second assignment of error, Field argues that the trial court erred by granting E*Trade's motion to dismiss. He argues that E*Trade is not immune for its actions because it failed to act in good faith when it froze and released his assets in contravention of a court order.

{¶22} We incorporate the standard of review set forth in Field's first assignment of error. Consequently, we review this assignment of error de novo. *See State ex rel. Dellagnese*, 2006-Ohio-6904, at ¶ 8. In doing so, we presume the factual allegations in Field's complaint are true and draw all reasonable inferences in his favor. *Id.*, citing *State ex rel. Hanson*, 65 Ohio St.3d at 548.

{¶23} R.C. 3123.26 requires a financial institution to

promptly place an access restriction on the account of an obligor who maintains an account at the financial institution upon receipt of an access restriction notice with respect to the obligor from the child support enforcement agency. The access restriction shall remain on the account until the financial institution complies with a withdrawal directive under [R.C.] 3123.37 * * * or a court or child support enforcement agency orders the financial institution to remove the access restriction.

"On receipt of a withdrawal directive, a financial institution shall withdraw the amount specified from the account described in the notice and pay it to the office of child support * * *." R.C. 3123.37(C). "A financial institution is not subject to criminal or civil liability for imposing an access restriction on an account or complying with a withdrawal directive pursuant to sections 3123.24 to 3123.38 of the Revised Code or for any other action taken in good faith pursuant to those sections." R.C. 3123.38.

{¶24} E*Trade moved to dismiss Field's complaint on the basis that it was statutorily immune from suit. It argued that it was immune from suit because it froze Field's account and removed its assets, pursuant to a withdrawal directive from CSEA. *See id.* Meanwhile, Field argued that E*Trade was not entitled to the benefit of immunity because it failed to act in good faith. He argued that E*Trade should have verified that his account funds were eligible for garnishment or attachment before releasing them. According to Field, E*Trade had previously frozen his account for thirty days. He argued that, by only freezing his account for two weeks, E*Trade deprived him of the time he needed to act on the freeze before it released his funds. According to Field, after he received the access restriction notice, he "promptly issued a letter to both CSEA, and E*Trade notifying them that the funds were exempt under the Ohio Revised Code * * *." On appeal, he maintains that E*Trade did not act in good faith because, before it released his assets, it was aware of the court-ordered exemption.

{¶25} "If [a] statute's meaning is clear and unambiguous, we apply the statute 'as written.'" *Gehlmann v. Gehlmann*, 9th Dist. Medina No. 13CA0015-M, 2014-Ohio-4990, ¶ 8, quoting *Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, ¶ 20. R.C. 3123.38 specifically provides that a financial institution "is not subject to * * * civil liability for imposing an access restriction on an account or complying with a withdrawal directive * * *." Neither act is coupled with a requirement that the financial institution act in good faith. The immunity for either act is absolute. *See id.* Conversely, "any other action taken" by the financial institution pursuant to R.C. 3123.24 to 3123.38 must be "taken in good faith." R.C. 3123.38.

{¶26} Here, Field sought to hold E*Trade civilly liable for placing an access restriction on his account and for complying with a withdrawal directive it received from CSEA. Pursuant to R.C. 3123.38, however, E*Trade enjoyed absolute immunity with respect to those two actions. The trial court, therefore, did not err by granting E*Trade's motion to dismiss. *See Cook Family Invests. v. Billings*, 9th Dist. Lorain Nos. 05CA008689 & 05CA008691, 2006-Ohio-764, ¶ 19 (appellate court may affirm a judgment that is "legally correct on other grounds"). Field's second assignment of error is overruled.

Assignment of Error Number Five

THE TRIAL COURT ERRED BY DENYING PLAINTIFF A JURY BY TRIAL.

{¶27} In his fifth assignment of error, Field argues that the trial court erred by denying his right to a trial by jury. He argues that, by granting CSEA's and E*Trade's motions to dismiss, the court made an "arbitrary ruling." We have already determined, however, that the court did not err by granting the motions to dismiss. Accordingly, we reject Field's argument that the court unfairly denied him his right to a jury trial. Field's fifth assignment of error is overruled.

III

**{¶28}** Field's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DALE P. FIELD, JR., pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JOHN F. GALONSKI, Assistant Prosecuting Attorney, for Appellee.