THE STATE, EX REL. NIMON ET AL., *v.* VILLAGE OF SPRINGDALE ET AL.

(No. 39660—Decided March 30, 1966.)

*Mr. Donald H. Swain*, for relators.
*Messrs. Leroux & Weber* and *Mr. Paul J. Weber*, for respondents other than Robert W. Laughlin.

*Messrs. Hoover, Beall & Eichel* and *Mr. Augustus Beall III*, for respondent Robert W. Laughlin.

SCHNEIDER, J. An agreed statement of facts and the evidence adduced by way of a deposition in this original action establishes that a referendum petition against ordinance No. 11-1965 of the village of Springdale, Ohio, was submitted to the village clerk, who, after determining the validity of the signatures thereon, transmitted the same to the council. That body held a public hearing on the petition pursuant to the village charter, but refused to transmit the same to the board of elections on the written advice of the village solicitor that the petiion was invalid because the person filing the petition had failed "before circulating such petition * * * [to] file a verified copy of the proposed ordinance * * * with * * * the village clerk," as required by Section 731.32, Revised Code.[1] It appears further that the referendum petition did not contain the "notice" prescribed by Section 731.33, Revised Code,[2] to be printed thereon in red.

Relators, each of whom is "a resident freeholder and elector" of the village, and a circulator of the petition (omitted from the pleadings and the agreed statement of facts but conceded in the briefs of respondents) brought this action for a writ of mandamus to require the council to perform its duty under the charter and certify the petition to the Board of Elections of Hamilton County for submission to the electorate, without first requesting the solicitor to initiate the suit, as directed by Section 733.59, Revised Code.[3]

---

[1] Section 731.32, Revised Code: "Whoever seeks to propose an ordinance or measure in a municipal corporation by initiative petition or files a referendum petition against any ordinance or measure shall, before circulating such petition, file a verified copy of the proposed ordinance or measure with the city auditor or the village clerk."

[2] Section 731.33, Revised Code: "At the top of each part of the petition mentioned in Section 731.32 of the Revised Code, the following words shall be printed in red:

"NOTICE.

"Whoever knowingly signs this petition more than once, signs a name other than his own, or signs when not a legal voter is liable to prosecution."

[3] Section 733.59, Revised Code: "If the solicitor fails, upon the written request of any taxpayer of such municipal corporation, to make any applica-

4

Respondent Laughlin's motion for judgment on the pleadings raises the question, not of relators' *capacity to sue*, but of relators' *right to maintain the action* without showing compliance with that statute. Relators insist that they appear here as "electors," not as "taxpayers," and contend that, as "beneficially interested" persons under Section 2731.02, Revised Code,[4] compliance with the former section is excused. With the latter conclusion the court agrees on the facts presented here, but for reasons which differ from those advanced by counsel.

In a long line of cases,[5] this court has repeatedly recognized the rule, as stated in 35 Ohio Jurisprudence 2d 426, Section 141, that "where the question is one of public right and the object of the mandamus is to procure the enforcement of public duty, the people are regarded as the real party and the relator need not show that he has any * * * special interest in the result, since it is sufficient that he is interested as a citizen or taxpayer in having the laws executed and the duty in question enforced * * *." Furthermore, an election, whether for officers or issues, is of the utmost public conern and any duty related thereto is properly characterized as public. Significantly, no case cited in the footnote involves (1) a municipal corporation; (2) Section 733.59, Revised Code, or any statute similar thereto; or (3) an extrastatutory demand upon, and refusal of, a county prosecutor, the Attorney General or other public legal officer to institute the suit.

tion provided for in Sections 733.56 to 733.58, inclusive, of the Revised Code, such taxpayer may institute suit in his own name, on behalf of the municipal corporation. Any taxpayer of any municipal corporation in which there is no solicitor may bring such suit on behalf of such municipal corporation. No such suit or proceeding shall be entertained by any court until the taxpayer gives security for the cost of the proceeding."

[4]Section 2731.02, Revised Code: "The writ of mandamus may be allowed by the Supreme Court, the Court of Appeals, or the Court of Common Pleas and shall be issued by the clerk of the court in which the application is made. Such writ may issue on the information of the party beneficially interested.

"Such writ shall contain a copy of the petition, verification, and order of allowance."

[5]*State* v. *Brown*, 38 Ohio St. 344 (mandamus granted on relation of elector to compel sheriff to give notice to qualified voters to elect a Com-

Hence, relators' *capacity to sue* is clear. No extended review of the nature of their right is necessary in view of the excellent discussion by Judge Spear in *Pierce* v. *Hagans,* 79 Ohio St. 9, to which we refer with approval. Suffice it to say that the right is analogous to the equitable doctrine that, where the officers or directors of a corporation will not discharge their duty, the corporation is ordinarily the proper party to redress the wrong. If on the other hand, the directors *are parties to the wrong,* or will not bring the action, or both, the shareholders of the corporation may institute suit.

In this state, Sections 733.56 to 733.61, inclusive, Revised Code, codify this doctrine as to municipal corporations. Relators' rights are derived from the right of the municipal corporation, the enforcement of which is imposed in the first instance by Section 733.58, Revised Code,[6] upon the solicitor, who in fact represents the public, the real party in interest.[7] However, Section 733.59, Revised Code, places upon any one who would step forward and volunteer to protect the public the condition that he first make written request upon the solicitor to act. Only upon the failure of the latter pursuant to the request, may the private party "institute suit in his own name, on behalf of the municipal corporation."[8] It has been cor-

mon Pleas Court judge); *State, ex rel.,* v. *Tanzey,* 49 Ohio St. 656 (mandamus granted on relation of elector to compel board of elections to make and complete the abstract of votes); *State, ex rel. Trauger,* v. *Nash, Governor,* 66 Ohio St. 612 (mandamus granted on relation of elector, citizen and taxpayer to compel Governor to appoint a Lieutenant Governor); *Brissel et al., Commrs.,* v. *State, ex rel. McCammon,* 87 Ohio St. 154 (mandamus granted on relation of citizen to compel county officials to provide proportionate share of funds for joint county hospital); and *State, ex rel. Newell,* v. *Brown, Secy. of State,* 162 Ohio St. 147 (prohibition granted on relation of elector, citizen and taxpayer to prevent the board of elections and Secretary of State from placing certain names on ballot). But see *State, ex rel. Masterson,* v. *Ohio State Racing Commission,* 162 Ohio St. 366, and *State, ex rel. Skilton,* v. *Miller, Judge,* 164 Ohio St. 163.

[6]Section 733.58, Revised Code: "In case an officer or board of a municipal corporation fails to perform any duty expressly enjoined by law or ordinance, the solicitor shall apply to a court of competent jurisdiction for a writ of mandamus to compel the performance of such duty."

[7]*Butler* v. *Karb, Mayor,* 96 Ohio St. 472.

[8]Cf. Sections 309.13, Revised Code, and *State, ex rel. Houghton,* v.

6

rectly pointed out that the statute is intended to prevent the municipal corporation from becoming a plaintiff in court without its consent.[9]

That the word, "taxpayer," is employed in the statutes neither assists relators, nor defeats them, as will presently be shown. As *resident freeholders and electors*, they are necessarily *taxpayers*. Even if they were permitted to abjure their capacity as resident freeholders which they insist upon doing, it is difficult to see how they can escape the condition precedent in Section 733.59, Revised Code. An "elector" necessarily is a domiciliary and it would be an extreme situation wherein such person might not in fact pay any tax, directly or indirectly, to the political subdivision of his domicile.

But the sounder view is that the word, "taxpayer," is to be construed generally, not literally. It includes, in fact, freeholders and tenants, both resident and nonresident, citizens and electors. It also includes a nonresident and nonfreeholder municipal income taxpayer.[10]

The substantial question then comes down to this: Did the circumstances here show that it would have been unavailing to have made a request upon the solicitor. We think so. The solicitor formalized in writing his opinion that the referendum petition was invalid and presented that opinion to his employers, the council, who refused further action upon it. The lines were drawn, an unalterable stand was made and the gauntlet was thrown down. Thereafter, a request to bring suit in the face of those facts would not only have been in vain but the chain of events was equivalent to a refusal by the village of its consent to be made the party plaintiff and represented by its solicitor in a prospective legal action against its council. Therefore, these relators, on behalf of the public who are the municipal corporation, may *maintain* this action against the council without compliance with Section 733.59, Revised

---

*Pethtel, Aud.*, 138 Ohio St. 20. Attention is invited, however, to the apparent distinction between the actions maintainable by a prosecuting attorney under Section 309.12, Revised Code, and the duties imposed upon a municipal solicitor under Sections 733.56 to 733.58, inclusive, Revised Code.

[9]*State, ex rel. Teshera,* v. *Turgeon, Bldg. Commr.*, 32 Ohio App. 241.

[10]*State, ex rel. Miller,* v. *Price, City Aud.*, 3 Ohio St. 2d 177.

Code. The motion for judgment on the pleadings is, therefore, overruled.

On the merits, however, no clear duty on the part of council to take further action on the referendum has been shown and we find for the respondents.

In *State, ex rel. Mika, Dir. of Law*, v. *Lemon, City Clerk*, 170 Ohio St. 1, this court held that the requirement of Section 731.32, Revised Code, that the circulator of ''a referendum petition against any ordinance * * * shall, before circulating such petition, file a verified copy of the proposed ordinance * * * with the * * * village clerk,'' is mandatory. An ordinance subject to the referendum is not effective and, hence, remains a ''proposed ordinance'' until the expiration of the period during which it may be attacked, or if properly attacked by referendum, until the vote is taken. Thus, in the absence of compliance with that statute, no duty devolves upon anyone to take further action on any such petition.

For that reason and for the further reason that there was also a failure here to comply with Section 731.33, Revised Code, it becomes necessary to determine whether that section and Section 731.32 are applicable in Springdale in view of its charter provisions relating to the initiative and referendum, which make but three departures from Sections 731.28 to 731.41, inclusive, Revised Code.[1]

The Springdale charter is silent with respect to language to be contained on a referendum petition or with respect to

[1]As described in respondents' brief, those departures are:

"1. A referendum petition under the charter must be signed by at last 10% of the number of electors who voted in the preceding election rather than 10% of the electors who voted for Governor at the next preceding general election.

"2. The charter requires the clerk, with whom the petition must be filed, to determine the validity of the petition, before certifying the content thereof to the village council at its regular meeting, while under general law the clerk's duties are merely administrative, his obligation being merely to certify the petition to the board of elections.

"3. The charter specifies that council must hold a hearing, after which it has the option to either repeal the measure under attack or certify it to the board of elections for submission to the electors at the next succeeding primary or general election. The general law specifies no such hearing or action by council."

8

filing such petition with a village official prior to its circulation, but provides that "*all other matters relating to the question of the exercise of the power of referendum shall be regulated by the provision of the Revised Code of Ohio relating to referendum petitions.*"

Sections 731.32 and 731.33, Revised Code, set forth mandatory requirements clearly relating to the *exercise* of the referendum power by the people. They are, by express charter provision, the law in Springdale, and Section 731.41, Revised Code,[12] is inapplicable.

It is unnecessary, therefore, to inquire whether the council had the right to determine its own jurisdiction of the referendum petition, or whether it had no discretion except to repeal the ordinance or transmit the referendum petition to the board of elections.[13] A writ of mandamus will not issue to compel submission to the electorate of an invalid referendum petition.

*Writ denied.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.

---

[12]Section 731.41, Revised Code: "Sections 731.28 to 731.41, inclusive, of the Revised Code do not apply to any municipal corporation which adopts its own charter containing an initiative and referendum provision for its own ordinances and other legislative measures."

[13]See *State, ex rel. Hinchcliffe,* v. *Gibbons,* 116 Ohio St. 390.