SEAN C. GALLAGHER, J.:
{¶ 1} Before this court is an appeal and cross-appeal from the trial court's order that granted in part and denied in part the parties' competing motions for summary judgment, which order disposed of the claims in the case. Upon review, we affirm in part, reverse in part, and remand the matter to the trial court for a hearing on attorney fees, for further proceedings with regard to the mandamus action, and to comply with the mandate herein.
Background
{¶ 2} In April 2015, the city passed local firearm legislation that was codified in various sections of Chapter 627 of the Cleveland Codified Ordinances. The city's aim was to "match state law and to increase regulations that limit discharge of weapon, increase awareness regarding the presence of weapons in school zones, promote law enforcement officer safety and most importantly will keep weapons out of the hands of children."
{¶ 3} In response, on April 21, 2015, plaintiffs-appellants Ohioans for Concealed Carry, Inc. ("OFCC") and Danny L. McIntosh ("McIntosh") (collectively "OFCC")
*84 filed a complaint for injunction, declaratory judgment, and mandamus against defendants-appellees, city of Cleveland and Barbara A. Langhenry, in her official capacity as the director of the Cleveland Department of Law. OFCC sought (1) to have the newly enacted Cleveland Codified Ordinances ("C.C.O.") deemed unconstitutional for violating R.C. 9.68 and to recover the fees and costs of bringing the suit, (2) to enjoin the expenditure of public funds to implement the alleged unlawful provisions, and (3) mandamus to compel the release of certain records pursuant to Ohio's public records law, R.C. 149.43.
{¶ 4} After discovery, both OFCC and the city moved for summary judgment. Upon considering the ordinances at issue, the trial court ruled that three of the ordinances were unlawful and that the others were valid, that the mandamus action failed pursuant to the statute of limitations, and that McIntosh does not have standing to pursue a taxpayer suit.[1] Following the trial court's decision, OFCC filed an appeal and the city filed a cross-appeal.[2]
{¶ 5} Many of the challenges raised on appeal concern the validity of the subject ordinances and whether they violate R.C. 9.68. R.C. 9.68 provides:
(A) The individual right to keep and bear arms, being a fundamental individual right that predates the United States Constitution and Ohio Constitution, and being a constitutionally protected right in every part of Ohio, the general assembly finds the need to provide uniform laws throughout the state regulating the ownership, possession, purchase, other acquisition, transport, storage, carrying, sale, or other transfer of firearms, their components, and their ammunition. Except as specifically provided by the United States Constitution, Ohio Constitution, state law, or federal law, a person, without further license, permission, restriction, delay, or process, may own, possess, purchase, sell, transfer, transport, store, or keep any firearm, part of a firearm, its components, and its ammunition.
{¶ 6} In Cleveland v. State , 128 Ohio St.3d 135, 2010-Ohio-6318, 942 N.E.2d 370, ¶ 1, the Ohio Supreme Court held that " R.C. 9.68 is a general law that displaces municipal firearm ordinances and does not unconstitutionally infringe on municipal home rule authority." As recognized in the Cleveland case:
"A general law has been described as one which promotes statewide uniformity." Ohio Assn. of Private Detective Agencies, Inc. v. N. Olmsted (1992), 65 Ohio St.3d 242, 244, 1992-Ohio-65, 602 N.E.2d 1147. "Once a matter has become of such general interest that it is necessary to make it subject to statewide control as to require uniform statewide regulation, the municipality can no longer legislate in the field so as to conflict with the state." State ex rel. McElroy v. Akron (1962), 173 Ohio St. 189, 194, 19 O.O.2d 3, 181 N.E.2d 26.
Cleveland at ¶ 12.
{¶ 7} In enacting R.C. 9.68, the General Assembly " 'express[ed] its intent for statewide comprehensive handgun possession *85 laws' " and its intent " 'to provide uniform laws throughout the state' for firearm ownership and possession." Cleveland at ¶ 24, quoting Ohioans for Concealed Carry v. Clyde , 120 Ohio St.3d 96, 2008-Ohio-4605, 896 N.E.2d 967, ¶ 41 ; and R.C. 9.68(A). " R.C. 9.68 addresses the General Assembly's concern that absent a uniform law throughout the state, law abiding gun owners would face a confusing patchwork of licensing requirements, possession restrictions, and criminal penalties as they travel from one jurisdiction to another." Cleveland at ¶ 35. However, "that intent 'does not trump the constitutional authority of municipalities to enact legislation pursuant to the Home Rule Amendment, provided that the local legislation is not in conflict with general laws.' " Clyde at ¶ 29, quoting Am. Fin. Servs. Assn. v. Cleveland , 112 Ohio St.3d 170, 2006-Ohio-6043, 858 N.E.2d 776, ¶ 31.
{¶ 8} Pursuant to the Home Rule Amendment to the Ohio Constitution, "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." Article XVIII, Section 3. "Therefore, a municipal ordinance must yield to a state statute if (1) the ordinance is an exercise of the police power, rather than of local self-government, (2) the statute is a general law, and (3) the ordinance is in conflict with the statute." State ex rel. Morrison v. Beck Energy Corp. , 143 Ohio St.3d 271, 2015-Ohio-485, 37 N.E.3d 128, ¶ 15, citing Mendenhall v. Akron , 117 Ohio St.3d 33, 2008-Ohio-270, 881 N.E.2d 255, ¶ 17.
{¶ 9} There is no dispute that the ordinances in question are an exercise of police power and that R.C. 9.68 is a general law. We must determine whether the ordinances are in conflict with the state's general law regulating firearms. The issue presents a question of law, which this court reviews de novo. State ex rel. O'Connor v. Davis , 139 Ohio App.3d 701, 704, 745 N.E.2d 494 (9th Dist.2000).
{¶ 10} In determining whether a local ordinance conflicts with the general law of the state, the court must consider whether the ordinance prohibits that which the statute permits, or vice versa. Clyde , 120 Ohio St.3d 96, 2008-Ohio-4605, 896 N.E.2d 967, at ¶ 53. Courts also have applied a "conflict-by-implication" test and held that local ordinances that attempt to impose restrictions beyond what the general law permits are invalid. Am. Fin. Servs. Assn. , 112 Ohio St.3d 170, 2006-Ohio-6043, 858 N.E.2d 776, at ¶ 41-46 ; see also State ex rel. Morrison at ¶ 25, 28. In accordance therewith, "any local ordinances that seek to prohibit conduct that the state has authorized are in conflict with the state statutes and are * * * unconstitutional." Am. Fin. Servs. Assn. at ¶ 46.
The Cleveland Ordinances
{¶ 11} We are cognizant that the city's ordinances are intended to address legitimate safety concerns and to serve a reasonable purpose. As members of the judiciary, we are tasked with applying the law as written. The city may not enact ordinances that conflict with Ohio's firearm ownership and possession laws, which are intended to provide uniformity throughout the state. If individuals on either side of the divide are unhappy with the law as written, the remedy lies with the Ohio legislature.
{¶ 12} Under its first, second, third, and fourth assignments of error, OFCC challenges the validity of the Cleveland ordinances at issue. OFCC's argument is broken into three sections: (1)
*86 ordinance sections that allegedly violate R.C. 9.68 through the use of overly broad definitions that conflict with state law; (2) ordinance sections that violate R.C. 9.68 by mirroring state law; and (3) ordinance sections that allegedly conflict with R.C. 9.68 in other manners.
{¶ 13} First, we address OFCC's claim that certain ordinances violate R.C. 9.68 through the use of overly broad definitions that conflict with state law. This argument pertains to the first and second assignments of error, which claim the trial court erred by rewriting the definitions of "automatic firearm" and "dangerous ordnance," contained in C.C.O. 627.01, to make them constitutional, and by not declaring invalid the Cleveland ordinances that use the unlawfully defined term "dangerous ordnance." We note that the term "automatic weapon" and "automatic firearm" have been used interchangeably by the parties.
{¶ 14} The city conceded to the trial court that its definition of "automatic firearm," as well as the definition of "dangerous ordnance," which includes the term "automatic firearm," impermissibly includes certain semi-automatic weapons and differs from Ohio law. The term "dangerous ordnance" as defined under C.C.O. 627.01 was contained in C.C.O. 627.02, 627.06, 627.15, and 627.16.[3] The city argued that "[t]hose ordinances are unconstitutional only in so far as * * * they cite to 'automatic weapons' or 'dangerous ordnance,' which includes automatic weapons. Once the definition of 'automatic weapons' is amended to mirror Ohio R.C. § 2923.11, these ordinances will be constitutional."
{¶ 15} The trial court found that the offending terms were unconstitutional and proceeded to interpret the remaining Cleveland ordinances "under the definition provided in the Ohio Revised Code when it relates to the definition of 'automatic firearm.' " OFCC claims that by changing the definitions of the terms "automatic weapon" or "automatic firearm" and "dangerous ordnance," the trial court made changes to the legislation that constituted a violation of the separation of powers. We agree.
{¶ 16} A court may not invade the province of the legislature and violate the separation of powers by rewriting a statute or ordinance. See Pratte v. Stewart , 125 Ohio St.3d 473, 2010-Ohio-1860, 929 N.E.2d 415, ¶ 54. Moreover, a court cannot simply rewrite it to make it constitutional. Peebles v. Clement , 63 Ohio St.2d 314, 321, 408 N.E.2d 689 (1980). Rather, it is for the legislative body to rewrite legislation if it deems necessary. Pratte at ¶ 54 ; State ex rel. Cordray v. Midway Motor Sales, Inc. , 122 Ohio St.3d 234, 2009-Ohio-2610, 910 N.E.2d 432, ¶ 36.
{¶ 17} Therefore, the trial court violated the separation of powers by rewriting the definition of the terms "automatic firearm" and "dangerous ordnance" as used in the subject ordinances. "Deference and respect for the legislative branch of government requires us to interpret the ordinance as it is written and not to judicially rewrite it." State ex rel. O'Connor , 139 Ohio App.3d at 711, 745 N.E.2d 494. Accordingly, the definitions of "automatic firearm" and "dangerous ordnance" in C.C.O. 627.01(a) and (d) are invalid, and the ordinances that use the unlawfully defined term "dangerous ordnance," including C.C.O. 627.02, 627.06, 627.15, and 627.16, are unconstitutional. Appellants' first and second assignments of error are sustained.
{¶ 18} Next, we address OFCC's claim that certain ordinance sections violate *87 R.C. 9.68 by mirroring state law. This argument pertains to the fourth assignment of error that claims that C.C.O. 627.02, 627.04, and 627.08 each should be deemed invalid because they mirror state law. We have already determined above that C.C.O. 627.02 is unconstitutional because of its use of the unlawfully defined term "dangerous ordnance." Therefore, we shall address the argument presented only as to C.C.O. 627.04 (Using Weapons While Intoxicated) and 627.08 (Underage Purchase of Handgun).
{¶ 19} OFCC claims that the ordinances that repeat state law add needless redundancy and intrude upon areas that have been reserved exclusively to the state. OFCC argues that any slight change in Ohio law will create a conflict and render the provisions unconstitutional. Although OFCC has valid concerns, our review must focus on the existence or nonexistence of any conflict between the local ordinances and the state law.
{¶ 20} Despite the General Assembly's intent to occupy the field of handgun possession in Ohio, municipalities retain home rule authority to enact local legislation that is not in conflict with general laws. Clyde , 120 Ohio St.3d 96, 2008-Ohio-4605, 896 N.E.2d 967, at ¶ 29. Thus, the mere fact that an ordinance mirrors state law does not render the ordinance invalid. Accordingly, C.C.O. 627.04 and 627.08 are constitutional. Appellants' fourth assignment of error is overruled.
{¶ 21} Finally, OFCC challenges ordinance sections that allegedly conflict with R.C. 9.68 in other manners. This challenge relates to the third assignment of error, under which OFCC claims the following ordinances should have been declared unconstitutional: C.C.O. 627.06, 627.07, 627.10, 627.13, 627.16, 627.18, and C.C.O. Chapter 628.
{¶ 22} Both the Cleveland ordinances and state law regulate the same subject matter-the ownership and possession of firearms in Ohio. R.C. 9.68 expresses the General Assembly's intent to provide uniform laws throughout the state regulating "the ownership, possession, purchase, other acquisition, transport, storage, carrying, sale, or other transfer of firearms, their components, and their ammunition" and specifically provides that "a person, without further license, permission, [or] restriction * * * may own, possess, purchase, sell, transfer, transport, store or keep any firearm, part of a firearm, its components, and its ammunition." (Emphasis added.) Municipalities may not impose regulations that are in conflict with general laws of the state.
{¶ 23} C.C.O. 627.06 sets forth the offense of "Failure to Secure Dangerous Ordnance." The ordinance is similarly worded to R.C. 2923.19, except it increases the penalty for violation from a second-degree misdemeanor to a first-degree misdemeanor. OFCC claims the General Assembly expressed its intent to preempt local firearm legislation and that by imposing a differing level of punishment, the ordinance conflicts with the general law. We are not persuaded by this argument.
{¶ 24} In Mendenhall , 117 Ohio St.3d 33, 2008-Ohio-270, 881 N.E.2d 255, the Ohio Supreme Court affirmed its holding in Niles v. Howard , 12 Ohio St.3d 162, 165, 466 N.E.2d 539 (1984), that " '[w]hen a municipal ordinance varies in punishment with the state statute such ordinance is not in conflict with the statute when it only imposes a greater penalty.' " Mendenhall at ¶ 35, quoting Niles at 165, 466 N.E.2d 539. The court further explained that "if the municipal ordinance does more than simply impose a greater penalty-by changing the character of an offense, for example-the ordinance and statute are in *88 conflict." Mendenhall at ¶ 35, citing Cleveland v. Betts , 168 Ohio St. 386, 389, 154 N.E.2d 917 (1958). Accordingly, C.C.O. 627.06 contains a permissible penalty enhancement. Nonetheless, as found above, the statute is in conflict with the state statute because of the use of the unlawfully defined term "dangerous ordnance."
{¶ 25} C.C.O. 627.07 sets forth the offense of "Improperly Providing Access to Firearms to a Minor" and provides that "[n]o person shall leave a firearm so as to allow access to the firearm by a person who is under eighteen" with certain exceptions. R.C. 2923.21(A)(3) prohibits a person from "furnish[ing]" a firearm to a minor. Although the parties engage in a debate over whether "leaving," as used in C.C.O. 627.07, and "storage," as used in R.C. 9.68, are distinguishable acts, any such distinction is "fanciful." See State ex rel. Morrison , 143 Ohio St.3d 271, 2015-Ohio-485, 37 N.E.3d 128, at ¶ 28. The General Assembly has expressed the intent to require uniform statewide firearm regulation, and a municipality can no longer legislate in the field so as to conflict with state law. See Cleveland , 128 Ohio St.3d 135, 2010-Ohio-6318, 942 N.E.2d 370. C.C.O. 627.07 regulates the storing and keeping of a firearm and conflicts with the state statutes.
{¶ 26} C.C.O. 627.10 prohibits weapons on school property with certain exceptions, and creates a duty to notify police if weapons are discovered. State law does not place any such restriction on the possession or transportation of a firearm on school property. The notification requirement of C.C.O. 627.10 creates an indirect restriction on possessing a firearm that conflicts with state law.
{¶ 27} C.C.O. 627.13 requires the reporting of transfers of firearms with certain exception. This provision places additional process and restriction on the sale or transfer of a firearm, and thereby conflicts with state law.
{¶ 28} C.C.O. 627.16 sets forth a prohibition against transferring firearms or dangerous ordnance to a felon or intoxicated person. Not only does this provision include the invalid term "dangerous ordnance," but also, it lowers the mens rea from its state counterpart, R.C. 2923.20, from reckless to negligent. C.C.O. 627.16 criminalizes conduct relating to the transfer of a firearm, which is permitted under the state statutes. The conflict renders C.C.O. 627.16 unconstitutional.
{¶ 29} C.C.O. 627.18 requires the reporting of lost or stolen firearms within "forty-eight (48) hours" and provides that a violation is a misdemeanor of the second degree. R.C. 2923.20 requires a person to report the loss or theft of a firearm "forthwith" and provides that a violation is a misdemeanor of the fourth degree. Although the ordinance permissibly increases the degree of the offense, C.C.O. 627.18 implicates the possession and transfer of firearms and conflicts with the general law by imposing a different reporting time frame.
{¶ 30} C.C.O. Chapter 628 creates a gun offender registry. These ordinances all place additional restrictions on firearm ownership and possession, which is expressly prohibited by R.C. 9.68. Neither state nor federal law requires "gun offenders" to register. Additionally, the registration requirement is an additional process and restriction on ownership and possession of a firearm. Therefore, C.C.O. Chapter 628 is in conflict with state law.
{¶ 31} Municipalities may not exercise their police powers in a manner that conflicts with the general laws of the state. State ex rel. Morrison , 143 Ohio St.3d 271, 2015-Ohio-485, 37 N.E.3d 128, at ¶ 15. Because *89 the ordinances place restrictions on conduct that the state has authorized, they conflict with the general laws of the state. C.C.O. 627.07, 627.10, 627.13, 627.16, 627.18, and C.C.O. Chapter 628 are unconstitutional. Appellants' third assignment of error is sustained as to these ordinances.
{¶ 32} Before addressing OFCC's remaining assignments of error, we shall consider the city's cross-appeal. The city raises two assignments of error challenging the trial court's determination that C.C.O. 627.09(A)(4) and 627.12 violate R.C. 9.68.
{¶ 33} C.C.O. 627.09(A)(4) criminalizes the discharge of a firearm within 500 feet of a park, playground, or recreation center owned by the city. The city claims that "discharge" is not included in the list of regulations of R.C. 9.68.
{¶ 34} C.C.O. 627.09 follows the language of R.C. 2923.162 in prohibiting the discharge of a firearm in certain places, but the ordinance includes the added restriction in C.C.O. 627.09(A)(4). Unlike the ordinance, the statute does not include restrictions on areas near the prohibited places. Therefore, C.C.O. 627.09(A)(4) places further restriction on the possession of a firearm and prohibits that which is authorized under state law. Because of this conflict, C.C.O. 627.09(A)(4) must be stricken.
{¶ 35} C.C.O. 627.12 permits an investigating officer to seize a person's weapon in certain situations if the investigating officer has reasonable cause to believe that the weapon may be used to cause bodily harm. The city argues that the ordinance is no more invasive than the holding of Terry v. Ohio , 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). However, unlike Terry , C.C.O. 627.12 lacks uniform application in the state. Moreover, the relevant question is whether C.C.O. 627.12 conflicts with the general law of the state.
{¶ 36} R.C. 9.68 is part of a statewide comprehensive collection of firearm laws. Cleveland , 128 Ohio St.3d 135, 2010-Ohio-6318, 942 N.E.2d 370, at ¶ 29. R.C. 2923.126, governing Ohio's concealed handgun licenses, is part of the framework of firearm laws. Id. at ¶ 19. R.C. 2981.04 governs general forfeiture proceedings in the state. C.C.O. 627.12 differs from state law, conflicts with the comprehensive framework that has been established, and as found by the trial court, the provision unlawfully interferes with an individual's right to possess a firearm in contravention of R.C. 9.68.
{¶ 37} Accordingly, C.C.O. 627.09(A)(4) and 627.12 are unconstitutional. The city's cross-assignments of error are overruled.
Attorney Fees
{¶ 38} Under appellants' fifth assignment of error, OFCC claims the trial court erred by failing to find that OFCC prevailed in their challenge to ordinances made unlawful by R.C. 9.68 and by failing to award OFCC attorney fees.
{¶ 39} In addition to regulating possession and ownership of firearms, R.C. 9.68 also includes a provision that requires the court to award attorney fees and costs to prevailing plaintiffs. R.C. 9.68(B) provides:
In addition to any other relief provided, the court shall award costs and reasonable attorney fees to any person, group, or entity that prevails in a challenge to an ordinance, rule, or regulation as being in conflict with this section.
(Emphasis added.) The Ohio Supreme Court has upheld this provision, finding it does not violate the separation of powers doctrine. Cleveland , 128 Ohio St.3d 135, 2010-Ohio-6318, 942 N.E.2d 370, at ¶ 34.
{¶ 40} The city concedes that OFCC is entitled to an award of attorney fees but *90 argues that the award should be proportional to the number of ordinances on which OFCC prevailed in challenging. The statutory language calls for an award of costs and "reasonable attorney fees" to a party who prevails in a challenge to a local ordinance. R.C. 9.68(B). Accordingly, the matter shall be remanded to the trial court to conduct a hearing to determine costs and reasonable attorney fees related to the specific ordinances upon which OFCC successfully prevailed. Appellants' fifth assignment of error is sustained.
McIntosh's Taxpayer Action
{¶ 41} Appellants' sixth assignment of error claims the trial court erred by dismissing McIntosh's taxpayer action. More specifically, appellants claim the trial court erred by finding that McIntosh lacked standing to pursue a taxpayer action because he failed to submit a written request to the director of law as required by R.C. 733.59.
{¶ 42} Under R.C. 733.59, "service of a prior written request upon the director of law, asking that he institute suit on behalf of the city, is a mandatory prerequisite to the initiation of a taxpayer's suit." Thelander v. Cleveland , 3 Ohio App.3d 86, 95, 444 N.E.2d 414 (8th Dist.1981). The only exception to this rule is where such a request would be futile. Id.
{¶ 43} The written request that was submitted in this case was authored by Jeff Garvis, as president of OFCC. McIntosh does not appear on the letterhead, he is not mentioned in the letter, and he did not sign the letter. Appellants filed an affidavit of McIntosh, who indicated the letter was sent on his behalf. However, the letter is a statutory requirement, and the rule does not authorize taxpayer actions by proxy.
{¶ 44} The Ohio Supreme Court has interpreted the word "taxpayer" under R.C. 733.59 as "any person who, in a private capacity as a citizen, elector, freeholder or taxpayer, volunteers to enforce a right of action on behalf of and for the benefit of the public," and indicated that "any such person is subject to the conditions imposed by that section, unless waived." State ex rel. Nimon v. Springdale , 6 Ohio St.2d 1, 3, 215 N.E.2d 592 (1966). OFCC is not an individual taxpayer or citizen. Because McIntosh did not send the required letter, the trial court properly determined that he lacked standing to pursue a taxpayer action. Appellants' sixth assignment of error is overruled.
Public Records Act-Mandamus Action
{¶ 45} Appellants' seventh assignment of error claims the trial court erred by dismissing OFCC's mandamus case and by holding the limitations period for bringing a mandamus action for public records under R.C. 149.43(C) is one year.
{¶ 46} The trial court found the action was not commenced within the one-year statute of limitations applicable to actions "upon a statute for a penalty or forfeiture" under R.C. 2305.11. That limitations period has been held to apply to actions resulting from the destruction of public records, "as R.C. 149.351(B)(2) provides for a forfeiture[.]" Hughes v. N. Olmsted , 8th Dist. Cuyahoga No. 70705, 1997 WL 25515, 2 (Jan. 23, 1997). This action was brought pursuant to R.C. 149.43(C) for the city's alleged failure to fulfill a public records request.
{¶ 47} Nonetheless, the city argues that the action should be governed by R.C. 2305.11 as it applies to "an action upon a statute for a penalty." However, R.C. 149.43(C)(2) states that "[t]he award of statutory damages shall not be construed as a penalty, but as compensation for injury arising from lost use of the requested information." Therefore, the one-year statute of limitations in R.C. 2305.11 is inapplicable *91 to OFCC's mandamus claim for the production of public records.
{¶ 48} We also are not persuaded by appellants' argument that a ten-year statute of limitations should be applied. R.C. 2305.07, which governs the statute of limitations for statutory liabilities, provides, in relevant part, that "an action * * * upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued." Thus, we find the applicable statute of limitations to OFCC's public records action was six years.
{¶ 49} OFCC filed their complaint on April 15, 2015. Any public records claims that accrued before that date, including the December 2, 2008 request, are barred by the statute of limitations. The claims relating to the public records requests made on September 19, 2011, August 20, 2014, and September 9, 2014, were timely filed. Furthermore, the record reflects that the city demonstrated there are genuine issues of material fact with regard to the mandamus action. OFCC's motion for summary judgment should have been denied with regard to the mandamus action only as to the public records claims brought within six years after the cause thereof accrued. Appellants' seventh assignment of error is sustained in part, for the reasons stated above.
Conclusion
{¶ 50} The trial court's decision is affirmed as to (1) C.C.O. 627.04 and 627.08, which permissibly mirror state law; and (2) C.C.O. 627.09(A)(4) and 627.12, which are unconstitutional.
{¶ 51} As to the other ordinances at issue, the trial court's decision is reversed, and the case is remanded with instructions to (1) declare C.C.O. 627.01, 627.02, 627.06, 627.15, and 627.16 unconstitutional because of the use of unlawful definitions that conflict with state law; (2) declare C.C.O. 627.07, 627.10, 627.12, 627.16, 627.18, and Chapter 628 unconstitutional because they conflict with the general law of the state; (3) conduct a hearing and award appellants costs and determine reasonable attorney fees related to the specific ordinances upon which OFCC successfully prevailed pursuant to R.C. 9.68(B).
{¶ 52} We affirm the trial court's decision to grant summary judgment on McIntosh's taxpayer action for lack of standing because he failed to submit a written request to the director of law as required by R.C. 733.59.
{¶ 53} We affirm in part and reverse in part the trial court's decision granting summary judgment on the mandamus action with respect to the public record requests. OFCC's motion for summary judgment should have been denied on the mandamus action as to the public records claims brought within six years after the cause thereof accrued. Any public records claims that accrued before that date are barred by the six-year statute of limitations under R.C. 2305.07.
{¶ 54} This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.
TIM McCORMACK, P.J., and EILEEN T. GALLAGHER, J., CONCUR

The trial court also granted summary judgment in favor of Barbara A. Langhenry, individually. That ruling has not been challenged on appeal.

We shall not consider any arguments that are being presented for the first time on appeal. A party who fails to raise an argument in the trial court waives the right to raise the argument on appeal. See Niskanen v. Giant Eagle, Inc., 122 Ohio St.3d 486, 2009-Ohio-3626, 912 N.E.2d 595, ¶ 34.

We note that C.C.O. 627.04 has not been included in this argument. We shall only consider the specific ordinances raised by appellant under each assignment of error.