[Cite as *State ex rel. Lally v. Cleveland*, 2021-Ohio-2513.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL., FRANCIS : 
LALLY, JR., ET AL.,

 :

     Relators-Appellants/
     Cross-Appellees, :

                                 No. 109764

     v. :

CITY OF CLEVELAND, OHIO, ET AL., :

     Respondents-Appellees/ :
     Cross-Appellants.

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** July 22, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-920292

---

### *Appearances:*

Diemert & Associates Co., L.P.A., Joseph W. Diemert, Jr., Thomas M. Hanculak, and Mark V. Guidetti, *for appellants/cross-appellees.*

Barbara A. Langhenry, Cleveland Director of Law, and Stewart Hastings, Assistant Director of Law, *for appellees/cross-appellants.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Relators-appellants/cross-appellees, Francis X. Lally, Jr., and Association of Cleveland Fire Fighters, Local 93 of The International Association of Fire Fighters (collectively "relators"), filed a taxpayer's complaint for a writ of mandamus against respondents-appellees/cross-appellants, the city of Cleveland, the city's director of the Department of Public Safety, and members of its Civil Service Commission (collectively "respondents"), alleging that the city's fire chief, Angelo Calvillo, circulated five petitions in 2017 for a nomination of Frank Jackson to the ballot for the primary election for mayor of the city of Cleveland. The complaint alleged Calvillo's conduct violated the city's Charter and its Civil Service Rules and sought to have him terminated from his position.

{¶ 2} Both relators and respondents moved for summary judgment. The trial court granted a writ of mandamus, directing the Civil Service Commission to investigate relators' charges against Calvillo and conduct a hearing pursuant to its rules. Relators appeal from the trial court's decision. Respondents filed a cross-appeal and, among other matters, contend that relators lack standing to bring the instant taxpayer action. After a careful review of the record and applicable binding caselaw, we agree with respondents and vacate the trial court's judgment for lack of standing.

**Substantive and Procedural Background**

{¶ 3} The facts giving rise to this taxpayer action are largely undisputed. Calvillo was appointed in 2015 as chief of the city of Cleveland Division of Fire,

which is a classified civil service position. In February and March 2017, he circulated and collected signatures on five nominating petitions for incumbent candidate Frank Jackson for the primary election for mayor of the city of Cleveland. Calvillo personally signed and dated each circulator statement on the petition, certifying that he circulated each petition and witnessed each signature.

{¶ 4} On August 7, 2019, counsel who filed the instant action sent a letter to the city's director of law, demanding removal of Calvillo from his position as fire chief for his conduct. The letter states:

> This demand is being made on behalf of multiple taxpayers within the City of Cleveland whom I represent. On behalf of my clients we are hereby demanding that you take immediate action for the enforcement of the Charter of the City of Cleveland, the Codified Ordinances of the City of Cleveland and Civil Service Rules and Regulations of the City of Cleveland.

{¶ 5} While counsel stated the demand was being made "on behalf of multiple taxpayers," the letter did not identify any particular taxpayers.

{¶ 6} According to relators, the city's director of law responded to the letter via the city's media department, stating that the city's Charter gives the Civil Service Commission authority to adopt rules, and the Civil Service Rules do not prohibit a city employee who is a member of the classified service from circulating a candidacy petition in a nonpartisan election and Cleveland's mayor is nominated in a nonpartisan primary election.

{¶ 7} In response, counsel sent another letter to the city's director of law on August 13, 2019, citing sections from the city's Charter and the Civil Service Rules

and claiming Calvillo violated certain pertinent provisions. The letter stated it served as a renewal of the demand upon the city's director of law prior to the filing of a taxpayer action pursuant to R.C. 733.59. Again, the letter did not identify any taxpayers.

{¶ 8} On August 21, 2019, the law director sent correspondence to counsel, stating that the city's research of the law indicated that Calvillo's conduct circulating a nominating petition in a nonpartisan election did not violate the city's Charter or the Civil Service Rules.

{¶ 9} On August 22, 2019, Lally and Local 93 filed the instant action, captioned as "Taxpayer's Verified Complaint for Writ of Mandamus and Other Relief in Law and Equity," against the city of Cleveland, five members of the city's Civil Service Commission, and the city's director of the Department of Public Safety.

{¶ 10} The complaint stated that Lally and Local 93 "bring this taxpayer action" for a writ of mandamus. Regarding plaintiffs/relators, the complaint stated that Lally is a taxpayer in the city of Cleveland and the President of Local 93, and Local 93 is the collective bargaining agent for full-time firefighters employed by the city. The complaint stated that "[a]s taxpayers of the City of Cleveland, Ohio, Plaintiffs institute this action pursuant to R.C. 733.59[.]"

{¶ 11} Relators alleged in the complaint that Calvillo circulated nominating petitions in 2017 to place the name of incumbent candidate Mayor Frank Jackson on the ballot for the city's mayoral election, in violation of the city's Charter and

Civil Service Rules.  Relators sought a writ of mandamus for the removal of Calvillo from his position as the fire chief.

{¶ 12}  On December 4, 2019, relators and respondents both moved for summary judgment.  Among the grounds for summary judgment asserted by respondents is the lack of standing by relators to pursue the instant taxpayer action pursuant to R.C. 733.59.

{¶ 13} On May 5, 2020, the trial court entered a judgment, ruling that relators are entitled to a writ of mandamus but, instead of ordering the removal of Calvillo, the trial court directed the Civil Service Commission to investigate relators' charges against Calvillo and conduct a hearing on the matter pursuant to the requirement of Charter, Chapter 27, Section 128(m).

**Appeal and Cross-Appeal**

{¶ 14} Relators filed a notice of appeal from the trial court's judgment, and respondents filed a notice of cross-appeal.  Relators raise the following assignments of error:

> The trial court erred by failing to issue a writ of mandamus requiring Calvillo's removal from office for a violation of the City's Charter.

> The trial court erred by failing to issue a writ of mandamus requiring Calvillo's removal from office for a violation of the City's Civil Service Rules.

> The trial court erred by failing to award attorney fees as part of costs of Plaintiffs-Relators/Appellants.

{¶ 15} Respondents raise the following cross-assignments of error in their cross-appeal:

Plaintiffs-Relators lacked standing to bring the taxpayers action, and the trial court lacked subject matter jurisdiction over the purported taxpayer action.

The trial court erred when it did not dismiss the complaint for being outside of the taxpayer statute of limitations.

The trial court erred when it did not grant Defendants-Respondents' Motion for Summary Judgment.

The trial court erred when it fashioned a judgment that was not requested.

{¶ 16} We do not reach the merits of the substantive issues in this appeal because the standing issue raised in the first cross-assignment of error in respondents' cross-appeal is dispositive of this appeal. The relators lack standing to invoke the trial court's jurisdiction over their claims.

**Standing for Taxpayer Action Authorized by R.C. 733.59**

{¶ 17} Standing concerns "'whether a litigant is entitled to have a court determine the merits of the issues presented.'" *State ex rel. Teamsters Local Union No. 436 v. Cuyahoga Cty. Bd. of Commrs.*, 132 Ohio St.3d 47, 2012-Ohio-1861, 969 N.E.2d 224, ¶ 10, quoting *Ohio Contrs. Assn. v. Bicking*, 71 Ohio St.3d 318, 320, 643 N.E.2d 1088 (1994). Pursuant to Article IV, Section 4(B) of the Ohio Constitution, courts of common pleas "shall have such original jurisdiction over all justiciable matters." "A matter is justiciable only if the complaining party has standing to sue." *Ohioans v. Columbus*, 2019-Ohio-3105, 140 N.E.3d 1215, ¶ 11 (10th Dist.), citing *ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, 13 N.E.3d 1101, ¶ 11. Therefore, "'[b]efore an Ohio court can consider

the merits of a legal claim, the person or entity seeking relief must establish standing to sue.'" *Id.*, quoting *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27. Standing turns on "whether the plaintiffs have alleged such a personal stake in the outcome of the controversy that they are entitled to have a court hear their case." *ProgressOhio.org* at ¶ 7. "It is an elementary concept of law that a party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." *State ex rel. Dallman v. Court of Common Pleas*, 35 Ohio St.2d 176, 179, 298 N.E.2d 515 (1973).

{¶ 18} Whether a party has established standing to bring an action is a question of law, and we review it de novo. *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 20.

{¶ 19} R.C. 733.58 authorizes a city's director of law to seek a writ of mandamus to compel the performance of a duty if an officer or board of a municipal corporation fails to perform any duty expressly enjoined by law or ordinance.[1] R.C. 733.59, in turn, provides that if the city's director of law fails,

---

[1] R.C. 733.58 ("Mandamus") states:

> In case an officer or board of a municipal corporation fails to perform any duty expressly enjoined by law or ordinance, the village solicitor or city director of law shall apply to a court of competent jurisdiction for a writ of mandamus to compel the performance of the duty.

upon the written request of any taxpayer of the municipal corporation, to make an application provided for in R.C. 733.58, the taxpayer may institute suit in his or her own name, on behalf of the municipal application. R.C. 733.59 ("Suit by taxpayer") states:

> If the village solicitor or city director of law fails, *upon the written request of any taxpayer of the municipal corporation*, to make any application provided for in sections 733.56 to 733.58 of the Revised Code, the taxpayer may institute suit in his own name, on behalf of the municipal corporation. Any taxpayer of any municipal corporation in which there is no village solicitor or city director of law may bring such suit on behalf of the municipal corporation. No such suit or proceeding shall be entertained by any court until the taxpayer gives security for the cost of the proceeding.

(Emphasis added.)

{¶ 20} Under R.C. 733.59, "service of a prior written request upon the director of law, asking that he institute suit on behalf of the city, is a mandatory prerequisite to the initiation of a taxpayer's suit." *Ohioans for Concealed Carry, Inc. v. Cleveland*, 2017-Ohio-1560, 90 N.E.3d 80, ¶ 42 (8th Dist.), citing *Thelander v. Cleveland*, 3 Ohio App.3d 86, 95, 444 N.E.2d 414 (8th Dist.1981) (service of a prior written request by a taxpayer upon the law director of a municipality to institute an action is a mandatory jurisdictional prerequisite to the initiation of a taxpayer suit).[2] "The only exception to this rule is where such a request would be futile." *Id.*, citing *Thelander* at 95.

---

[2] The Supreme Court of Ohio, in *State ex rel. Nimon v. Springdale*, 6 Ohio St.2d 1, 215 N.E.2d 592 (1966), described the statute as follows:

{¶ 21} Therefore, the threshold matter in this case is whether relators established standing to pursue a statutory taxpayer action for mandamus pursuant to R.C. 733.59. The trial court's decision stated, without analysis or elaboration, that "[t]he relators' taxpayer suit is properly before the court," citing R.C. 733.59. Respondents contend that the trial court lacked subject matter jurisdiction over this taxpayer action because relators failed to establish standing.

{¶ 22} The record reflects that the written request was sent by counsel who represented relators Lally and Local 93 in this taxpayer action. Counsel stated in the August 7, 2019 letter that "[t]his demand is being made on behalf of multiple taxpayers within the City of Cleveland whom I represent. On behalf of my clients we are hereby demanding that you take immediate action * * *." The letter did not identify Lally or Local 93, nor any specific clients on whose behalf the demand was made.

{¶ 23} Respondents argue that the perquisite for the R.C. 733.59 action was not satisfied because this case was not brought in the name of any person who filed a taxpayer demand letter. They argue that the taxpayer(s) must be identified in the

---

Section 733.59, Revised Code, places upon anyone who would step forward and volunteer to protect the public the condition that he first make written request upon the solicitor to act. Only upon the failure of the latter pursuant to the request, may the private party "institute suit in his own name, on behalf of the municipal corporation." It has been correctly pointed out that the statute is intended to prevent the municipal corporation from becoming a plaintiff in court without its consent.

(Footnotes omitted.) *Id.* at 5-6.

demand letter and, because neither Lally nor Local 93 submitted a taxpayer demand letter pursuant to the requirement of R.C. 733.59, they failed to establish the requisite standing to bring a taxpayer action.

{¶ 24} Relators claim Lally and Local 93 established standing to bring the taxpayer action because counsel sent the demand letter on behalf of his clients Lally and Local 93 and this satisfied the requirement of R.C. 733.59. Relators contend, moreover, that even if the taxpayers must be identified in the demand letter, the error is harmless because the city had notice of a potential taxpayer action and identification of the particular taxpayers in the letter would not have changed the decision of the director of law in this matter. We find these claims fail pursuant to the existing case law precedents.

{¶ 25} In *Ohioans for Concealed Carry, Inc. v. Cleveland*, 2017-Ohio-1560, 90 N.E.3d 80, Ohioans for Concealed Carry, Inc. ("OFCC") and an individual filed a taxpayer action for a complaint for injunction and mandamus against the city of Cleveland, seeking to have the city's gun regulation declared unconstitutional. The written request required by R.C. 733.59 was sent by the president of the OFCC only; the individual who filed the action did not appear on the letterhead, was not mentioned in the letter, and did not sign the letter.

{¶ 26} The trial court found the individual without standing to pursue a taxpayer action and dismissed it. This court affirmed the trial court's dismissal, because the individual failed to submit a written request to the city's director of law as required by R.C. 733.59. Although the individual filed an affidavit indicating the

letter was sent on his behalf, this court reasoned that the letter is a statutory requirement and the statute does not authorize taxpayer actions by proxy. *Id.* at ¶ 43. The Supreme Court of Ohio in *Ohioans for Concealed Carry, Inc v. Columbus*, Slip Opinion, No. 2020-Ohio-6724, cited this court's holding and reasoning with approval.[3] *Id.* at ¶ 28. The existing precedents construe the standing requirement of R.C. 733.59 strictly and do not permit us to treat a failure to comply with the statutory requirement as harmless.

{¶ 27} Relators contends that this court's decision in *Ohioans for Concealed Carry, Inc. v. Cleveland* is distinguishable. Relators argue that this court found the individual taxpayer to lack standing because the individual (the president of the organizational plaintiff) sent the demand letter while *another* individual filed the taxpayer action, whereas in the instant case counsel sent the demand letter on behalf of his clients Lally and Local 93. Relators mischaracterizes the import of *Ohioans for Concealed Carry, Inc. v. Cleveland.* This court found the individual taxpayer to lack standing in that case because he did not send the demand letter — his name was not mentioned in the letter. While counsel in the instant case claimed he sent the letter on behalf of Lally and Local 93, neither was identified in the letter. Pursuant to *Ohioans for Concealed Carry,*

---

[3] The Supreme Court of Ohio stated that it found the case "instructive," citing this court's holding that the individual plaintiff lacked standing to pursue a taxpayer action because it did not properly initiate the taxpayer action — the organizational plaintiff that sent the demand letter on the individual plaintiff's behalf but R.C. 733.59 does not authorize taxpayer actions by proxy.

*Inc. v. Cleveland*, neither Lally or Local 93 had standing to pursue the instant taxpayer action.

{¶ 28} Relators also argue they were not required to send the demand letter to the director of law because it would have been futile due to the political relationship among those involved in this case. Relators point out Fire Chief Calvillo had been appointed by Mayor Frank Jackson and Jackson was also the "boss" of the city's director of law. Implicit in relators' futility argument is a presumption of bias and lack of impartiality on the part of the director of law. Nothing in the record supports this claim other than speculation and conjecture.

{¶ 29} Relators also argue the statutory demand letter would be futile because after the first demand letter was sent on August 7, 2019, the law director responded on the same day by releasing a statement to the media stating that the Civil Service Rules do not prohibit a city employee from circulating a candidacy petition in a nonpartisan election. Relators argue the law director's same-day response reflects a predetermined position on this matter by the law director and therefore a demand letter would have been futile. The relators' claim of futility is not supported by the case law authority.

{¶ 30} In *Thelander*, 3 Ohio App.3d 86, 444 N.E.2d 414, plaintiff taxpayers served the written request upon the director of law simultaneously with the filing of a taxpayer suit. This court held that plaintiff taxpayers failed to make a prior written request, which was a jurisdictional prerequisite to a taxpayer suit. Plaintiffs argued that, after the filing of the lawsuit, it became apparent that the

director of law would oppose it, and that in retrospect the filing of a prior request upon the director of law to institute suit would have been futile. *Id.* at 96. This court rejected the argument, because it would render the service of a prior written request "unnecessary in practically every case; whenever the law director opposes the taxpayer suit, the taxpayers could claim that service of a prior written request would have been futile." *Id.*[4] *See also State ex rel. Furlong v. Di Mora*, 8th Dist.

---

[4] *Theland*er cited two cases where a written request to institute suit was considered futile. These cases involved circumstances where it would have been unavailing to have made a request upon the law director due to the law director's action before any written request could be sent. In *Nimon,* 6 Ohio St.2d 1, 215 N.E.2d 592, the Supreme Court of Ohio stated in paragraph three of the syllabus:

> Where a solicitor of a municipal corporation transmits a written opinion advising its council to refrain from acting on a pending matter [a referendum petition matter] and the council, in reliance upon the opinion, refrains from acting, a request upon the solicitor to institute suit to compel the council to act on the matter would be unavailing; the municipal corporation is deemed to have refused to grant consent to become a party plaintiff in any such suit; and a taxpayer's noncompliance with the condition of Section 733.59, Revised Code, requiring a written request to, and a failure by, the solicitor to institute suit, is excused.

> In *State ex rel. White v. Cleveland*, 34 Ohio St.2d 37, 295 N.E.2d 665 (1973), the court stated in paragraph two of the syllabus:

> Where a taxpayer requests the Law Director of a municipality to advise the Commissioner of the Division of Building to permit the inspection and copying of public records, as required by R.C. 149.43, and the Law Director refuses, relying upon an alleged policy of the municipality, it is clear that a written request upon the Law Director to maintain a mandamus action against the commissioner, pursuant to R.C. 733.58, would be futile and unavailing, and such request, required by R.C. 733.59, is excused. (*State, ex rel. Nimon, v. Springdale*, 6 Ohio St. 2d 1, approved and followed.)

Cuyahoga No. 53472, 1988 Ohio App. LEXIS 702, 7 (Mar. 3, 1988) (The sworn statement of the taxpayers' counsel that to serve the law director with a written request would be futile is insufficient to prove futility; absent other evidence, if the court were to accept counsel's statement, it would essentially render the service of a prior request to institute suit unnecessary in every case.).

{¶ 31} Based on binding case law precedent, we are constrained to conclude relators Lally and Local 93 lacked standing for the instant taxpayer action because they failed to submit the statutory written request to the city's director of law as required by R.C. 733.59.

**Local 93 Established Neither Associational nor Taxpayer Standing**

{¶ 32} We note that, even if Local 93 had submitted the statutory written request, in light of the recent Supreme Court decision in *Ohioans for Concealed Carry, Inc. v. Columbus*, Slip Opinion No. 2020-Ohio-6724, Local 93 lacked standing for an additional reason: it does not meet the definition of "taxpayer" as the term is defined.[5] For purposes of R.C. 733.59, the term has been construed to mean "'any person who, in a private capacity as a citizen, elector, freeholder or taxpayer, volunteers to enforce a right of action on behalf of and for the benefit of

---

These cases involved circumstances not present in this case, where the action taken by the law director rendered a written request futile.

[5]Respondents raised this claim in their motion for summary judgment, citing the definition of "taxpayer" as construed by the court.

the public.'" *State ex rel. White* at 40, quoting *Nimon,* 6 Ohio St.2d 1, 215 N.E.2d 592, at paragraph two of the syllabus.

{¶ 33} In *Ohioans for Concealed Carry, Inc.*, *supra*, an individual taxpayer and two nonprofit organizational plaintiffs brought a taxpayer action pursuant to R.C. 733.59. While the individual taxpayer's standing was undisputed, the Supreme Court of Ohio affirmed the Tenth District's decision and concluded the organizational plaintiffs failed to establish standing under R.C. 733.59.

{¶ 34} First, the court pointed out that nowhere in the complaint did the organizational plaintiffs allege that they were "citizens, electors, freeholders, or taxpayers" themselves and, therefore, they lacked standing as taxpayers. Second, regarding "associational standing," the court explained this is only conferred on "organizations who sue on behalf of their members," citing *Peoples Rights Org., Inc. v. Columbus*, 152 F.3d 522, 527 (6th Cir.1998) ("An association * * * can have standing as a representative of its members"). *Id.* at ¶ 24. The court noted that the complaint in the case failed to allege the organizational plaintiffs were bringing a taxpayer action *on behalf of* the individual taxpayer. *Id.*

{¶ 35} The court therefore concluded the organizational plaintiffs failed to establish standing to sue. *Id.* at ¶ 29.[6] Similarly here, relators' complaint did not

---

[6] We note that in *Ohioans for Concealed Carry, Inc. v. Cleveland*, 2020-Ohio-1560, the organizational plaintiff's standing was not challenged on appeal. As the Tenth District observed in *Ohioans for Concealed Carry, Inc. v. Columbus*, 2020-Ohio-6724, that case did not inform what the complaint alleged regarding the organizational plaintiff's standing and did not address the organizational plaintiff's standing.

allege Local 93 is a citizen, elector, freeholder, or taxpayer,[7] and Local 93 did not have associational standing because the complaint did not allege Local 93 was suing on behalf of Lally, a taxpayer. Accordingly, Local 93 also lacked standing to bring the taxpayer action pursuant to *Ohioans for Concealed Carry, Inc. v. Columbus*, Slip Opinion No. 2020-Ohio-6724.

**Conclusion**

{¶ 36} In conclusion, we emphasize that "'[t]axpayer actions, involving an abuse of corporate powers, are carefully restricted by court decisions.'" *Ohioans v. Columbus*, 2019-Ohio-3105, ¶ 15, quoting *Columbus ex rel. Willits v. Cremean*, 27 Ohio App.2d 137, 149, 273 N.E.2d 324 (10th Dist.1971). Both this court and the Supreme Court of Ohio have interpreted R.C. 733.59 strictly in recent decisions regarding the standing requirement for bringing a taxpayer action. Because we are bound by the statute as interpreted by the Supreme Court of Ohio and precedents from this court, we are compelled to conclude that relators Lally and Local 93 failed to establish standing to pursue this taxpayer action.

---

[7] The instant complaint alleged that Lally and Local 93 "bring this taxpayer action for a writ of mandamus" (paragraph one of the complaint); Lally is a taxpayer of the city of Cleveland (paragraph two of the complaint); Local 93 is the collective bargaining agent for full-time firefighters employed by the city of Cleveland (paragraph three of the complaint). Paragraph four of the complaint states, *"[a]s taxpayers* of the City of Cleveland, Ohio, *Plaintiffs* institute this action pursuant to R.C. 733.59, on behalf of the City of Cleveland and the State of Ohio." (Emphasis added.) This sentence appears to *assume* Local 93 is a taxpayer, which falls short of a proper allegation that it is a taxpayer (or citizen, elector, or freeholder).

{¶ 37} The first cross-assignment of error in respondents' cross-appeal is sustained.

{¶ 38} The remaining assignments of error in relators' appeal and respondents' cross-appeal are moot. The trial court's judgment is vacated, and the matter is remanded to the trial court for proceedings consistent with this opinion.

{¶ 39} Judgment vacated, and matter remanded.

It is ordered that appellants/cross-appellees recover of said appellees/cross-appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

LARRY A. JONES, SR., P.J., and
EMANUELLA D. GROVES, J., CONCUR